[Crim. No. 1724.   In Bank.—August 27, 1912.]

## THE PEOPLE, Respondent, v. B. BERCOVITZ, Appellant.

CRIMINAL LAW—DRAWING AND DELIVERY OF POST-DATED CHECK ON BANK IN ABSENCE OF FUNDS OR CREDIT.—Under section 476a of the Penal Code, a person who willfully, with intent to defraud, makes, draws, and delivers to another person a check or draft on a bank for the payment of money, knowing at the time that he has not sufficient funds in or credit with such bank to meet the check or draft in full upon its presentation, is guilty of the offense defined in that section, notwithstanding the check or draft is post-dated.

ID.—CALLING DRAFT A CHECK IN INFORMATION—IMMATERIAL VARIANCE. If it be assumed that such a post-dated instrument was a draft and not a check, within the meaning of the section, the designation of it as a check in the information, which set forth a true copy of the instrument, would not create a material variance between the allegation of the information and the proof.

ID.—EVIDENCE OF OTHER SIMILAR TRANSACTIONS—Upon the trial of such offense, evidence is admissible of other transactions, involving the giving by the defendant, on the same and the preceding day, of other checks on the same bank to other parties, for the purpose of showing his knowledge at the time of the giving the check in question of the condition of his account at the bank, and to show guilty knowledge and intent to deceive in the matter of such check.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. F. Brittain, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—Defendant was convicted of a felony and appeals from the judgment and from an order denying his motion for a new trial.   The information was drawn under the provisions of section 476a of the Penal Code, and charged the defendant with having on or about the sixth day of February, 1911, at Bakersfield, California, with intent to defraud

one H. Cohn, made, uttered, and delivered to said Cohn a check drawn for the sum of eighty-five dollars upon a Bakersfield bank, when he, the defendant, had not sufficient funds in or credit with the bank to meet the check in full on presentation, as he then and there well knew. A correct copy of the alleged check was contained in the information and was as follows: "2/6 1911 No. —— The Bank of Bakersfield Pay to H. Cohn or bearer $85.00 Eighty five and no/100 Dollars. (Signed) B. Bercovitz." The evidence showed that the defendant on Saturday evening, February 4th, entered the jewelry store of the complainant and purchased a diamond ring and a pair of cuff buttons which he took away. When the price for the articles was agreed upon he gave in payment his check for the sum of money mentioned. This check was post-dated by two days, so that it was not payable until Monday, February 6.

Defendant, as one of his grounds for reversal, urges that the evidence does not sustain the verdict, because a post-dated check is not such an instrument as is intended to be described by section 476a of the Penal Code. The section mentioned reads as follows: "Every person who willfully, with intent to defraud, makes or draws, or utters, or delivers to another person any check or draft on a bank, banker, or depositary for the payment of money, knowing at the time of such making, drawing, uttering or delivery, that he has not sufficient funds in or credit with such bank, banker or depositary to meet such check or draft in full upon its presentation, is punishable by imprisonment in the state prison for not less than one year nor more than fourteen years. The word 'credit' as used herein shall be construed to be an arrangement or understanding with the bank or depositary for the payment of such check or draft."

Defendant had a checking account with the bank of Bakersfield from November, 1910. At the close of business on February 4, 1911, which was a Saturday, his balance was only $23.62. No further deposit was ever made by him. The check was refused payment for want of funds. The evidence was ample to support the conclusion that defendant knew that he had not sufficient funds in or credit with said bank to meet such check or draft upon its presentation, and that he made, drew, and delivered the same to Cohn with the intent to de-

fraud him. It is not necessary to state the evidence in this regard, as no point is made that it is not sufficient to show what we have stated.

We are of the opinion that these facts show the offense defined by section 476a of the Penal Code, and that it is altogether immaterial that the check was dated February 6, 1911, when delivered during the evening of February 4, 1911. Even if we assume in accord with appellant's claim that, by reason of the fact that the instrument was post-dated it was not a "check" within the meaning of that word as used in section 476a of the Penal Code, which we do not concede, it was clearly a "draft," the giving of which under such circumstances is likewise inhibited by the section, the language being "any check or draft," and the variance between the allegation of the information, which set forth a true copy of the instrument, and the proof, is altogether immaterial. The offense defined by such section is the giving to another, with intent to defraud, "any check or draft on a bank, banker or depositary for the payment of money, knowing at the time . . . that he has not sufficient funds in or credit with such bank, banker or depositary to meet such check or draft in full upon its presentation." There is nothing in the language used having the effect of excepting a case from the operation of the statute merely because the "check or draft" is post-dated. It is essential, of course, that there should be on the part of one giving the check or draft both present knowledge of the insufficiency of funds and absence of credit with such bank, etc., to meet the check or draft in full upon its presentation, and an intent to defraud, but no reason is apparent why both of these elements may not exist as well in the case of a post-dated check or draft as in the case of one bearing the date of its delivery.

We are not here concerned with a case where the fact of want of sufficient funds and credit is made known by the drawer to the person to whom he delivers the check or draft at the time of the delivery, and the payee chooses, with such knowledge, to rely on a promise or representation of the drawer that he will make such provision that the amount thereof will be paid on presentation. It may be that as to such a case, a conviction could not properly be had under the section in question. In the case at bar, the evidence was ample

to support the conclusion that nothing was said from which it might be inferred by the person to whom the check or draft was given that the drawer did not then have sufficient funds in the bank to pay the amount named therein on its presentation. In fact, according to Mr. Cohn, defendant told him substantially that he had ample money to meet it. There is also evidence that Mr. Cohn did not in fact notice that the check was dated February 6 until some time after its delivery. The case clearly falls within the express terms of section 476a of the Penal Code.

Complaint is made that the trial court erred in admitting evidence of other transactions involving the giving of other checks on the same bank by defendant to other parties, on both February 3, and 4, 1911. Clearly all of this evidence was admissible on the question of defendant's knowledge at the time of the giving of the Cohn check of the condition of his account at the bank. In other respects, in so far as such evidence tended to show other offenses of a similar nature to the one here involved, it was also admissible under the rule applied in such cases as *People* v. *Whalen,* 154 Cal. 476, [98 Pac. 194], and *People* v. *McGlade,* 139 Cal. 70, [72 Pac. 600], to show guilty knowledge and intent to deceive in the matter of the Cohn check.

The judgment and order denying a new trial are affirmed.

Sloss, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.