[Crim. No. 420. First Appellate District.—January 31, 1913.]

## THE PEOPLE, Respondent, v. J. E. BERNARD, Appellant.

CRIMINAL LAW—FORGERY—FICTITIOUS CHECK—CODE AMENDMENT—INSTRUCTION.—Under section 470 of the Penal Code, as amended in 1905, a defendant may be charged with the forgery of a check, notwithstanding the names of the maker and payee of the check were both fictitious persons, and the court properly instructed the jury to that effect.

ID.—CODE DEFINITION OF FORGERY—INSTRUCTION—APPLICABILITY.—An instruction as to the code definition of the forgery, under which the information was found, by reading section 470 of the Penal Code to the jury, is not erroneous, although some portions of the definition, as read, are inapplicable to the case made by the information, or the proofs.

ID.—SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT — ABSENCE OF PREJUDICIAL ERROR—EXEMPLARS INDICATING FORGERY.—Where exemplars introduced, in connection with other evidence, sufficiently showed a case of forgery by the defendant of the check in question, it is held that the evidence as a whole is sufficient to sustain the verdict of guilty of the offense charged, and that no prejudicial error appears in the record.

ID.—SENTENCE — CONTINUANCE OF TIME — MOTION FOR NEW TRIAL—SANCTION OF CODE—JURISDICTION NOT LOST.—The court did not lose jurisdiction to pronounce sentence, because it was not pronounced within five days after the verdict, where, at defendant's request, it was delayed for the purpose of hearing a motion for a new trial, which is authorized by section 1191 of the Penal Code.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a motion for a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

T. L. Christianson, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney General, for Respondent.

HALL, J.—Defendant was convicted of the crime of forgery, and upon judgment being pronounced appealed to this court from the judgment and order denying his motion for a new trial.

In apt and sufficient language defendant was charged both with falsely making, and knowing the same to be false and forged, uttering and passing as genuine and true a certain check, which is set out in the information. Both the making and uttering are charged in the information as having been done with intent to defraud one John Ratti, to whom it is alleged the check was passed as true and genuine by defendant.

The check, as set out in the information and as proved, was drawn upon the First National Bank of Oakland, California, for the sum of eighteen dollars, payable to "Frank H. Silva or bearer," and purported to be signed "Manuel Babtist" as drawer thereof. It also purported to be indorsed on the back thereof "Frank H. Silva."

The evidence showed that defendant passed the check to John Ratti as true and genuine, and obtained thereon from John Ratti the sum of eighteen dollars. Upon presentation at the bank upon which it was drawn it was not paid, for the reason that no Manuel Babtist had or ever had had an account at such bank. A brother of defendant, however, learning of the matter, subsequently paid the amount of the check to Ratti.

Evidence was given by an expert in handwriting that the written portion of the check, including the name "Manuel Babtist" and the indorsement, "Frank H. Silva," were written by the same person who wrote certain exemplars used for comparison. The writer of these exemplars was proven to be the defendant. Evidence was given by a police officer that after diligent inquiry, including an examination of the directory of all the cities and towns of Alameda County, he could find no such person as Manuel Babtist. In addition there was the testimony of the cashier and the bookkeeper of the bank that no such person had or ever had had an account

with the bank. This testimony was ample to support the theory that Manuel Babtist was a fictitious person (*People* v. *Eppinger,* 105 Cal. 36, [38 Pac. 538]). On the other hand it was shown that one Manuel J. Baptist had an account with the bank upon which the check was drawn, but he testified that he did not draw the check, nor authorize any one to draw it or sign his name thereto.

Under these circumstances the court gave an instruction which permitted a conviction notwithstanding either or both Manuel Babtist or Frank H. Silva were fictitious persons. In so doing appellant claims that the court erred, for the reason, as he claims, that a prosecution for making a fictitious check should be under section 476 of the Penal Code, and not under section 470, under which this case was prosecuted, citing in support thereof *People* v. *Elliott,* 90 Cal. 586, [27 Pac. 433] and *People* v. *Eppinger,* 105 Cal. 36, [38 Pac. 538].

Since those cases were decided, however, section 470 has been amended to avoid the rule laid down in those cases and so as to cover the case made by the proof in this action, and covered by the instruction given by the court and now challenged by appellant. (Stats. 1905, p. 673.)

The instruction complained of is a correct statement of the law as it has existed since the amendment to section 470 of the Penal Code of 1905.

Appellant also complains of an instruction in which the court simply read from the section (Pen. Code, sec. 470) defining forgery under which the information was framed. In this the court did not err, although some portions of the section as read do not apply to the case made by the information or the proof. It was simply read as a definition of forgery.

The court did not err in allowing Manuel J. Baptist to testify that the signature to the check in question was not his, nor in submitting to the jury specimens of the handwriting of Manuel J. Baptist. Although the name "Manuel J. Baptist" differs somewhat from the name "Manuel Babtist" the circumstances of the case were such as to justify the introduction of the evidence to preclude any inference or presumption that the signature "Manuel Babtist" was either made or authorized by Baptist, who did have an account with the bank upon which the check was drawn.

Appellant attacks the reliability of the testimony given by the expert upon handwriting; but the jury likewise had before them the disputed check and proven exemplars of the handwriting of defendant, and from the entire evidence found the defendant guilty. After an examination of the entire record including the evidence, we see no reason to disturb the finding of the jury.

Lastly it is contended that the court lost jurisdiction to pronounce judgment, because sentence was not pronounced within five days after verdict. The verdict was rendered September 24, 1912. The cause was then continued to September 28, 1912, upon which day the record discloses that "Defendant now makes and files a motion for a new trial, and the cause is by the court ordered and hereby is continued to October 3, 1912, at 9:30 A. M. for hearing upon the motion for a new trial and sentence at the request of the defendant," upon which day judgment was pronounced after hearing and denying the motion for a new trial.

The continuance for the purpose of hearing the motion for a new trial was authorized by the law (Pen. Code, sec. 1191). The fact that the motion was made and filed before defendant was formally arraigned for sentence does not rob it of the force and effect of a motion for a new trial so as to preclude the court from continuing the hearing thereof as allowed by section 1191 of the Penal Code. Especially must this be so where the continuance is at the request of defendant.

The judgment and order are affirmed.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.