[Civ. No. 808.  Second Appellate District, Division Two.—November 2, 1921.]

## THE PEOPLE, Respondent, v. GUY HAMBY, Appellant.

[1] CRIMINAL LAW — ISSUING OF FICTITIOUS CHECK — INTENT TO DEFRAUD—SUFFICIENCY OF EVIDENCE.—In a prosecution for issuing a fictitious check, an intent to defraud the person who cashed the check and the bank on which it was drawn is proven by testimony that all the handwriting on the face and back of the check including the signature and indorsement was that of the defendant, taken in connection with the fact that the bank was named as drawee and the further fact that the third person cashed the check.

[2] ID.—FUNDS IN BANK—INFERENCE FROM OTHER EVIDENCE.—In such a prosecution, evidence from which the jury might justly have concluded that defendant forged the signature to the check, that there was no account standing on the books of the bank under that name, that the check was cashed by a third person, and that payment was refused when presented, furnished a basis upon which the jury might properly have found that defendant had no funds in or credit with the bank.

[3] ID.—NONEXISTENCE OF MAKER OF CHECK—IMMATERIALITY.—Evidence that there was no account standing on the books of the bank under the name signed to the check and that defendant forged such name rendered it unnecessary for the prosecution to prove that no person by such name existed.

[4] ID.—SIMILAR CHECKS—GUILTY INTENT.—Other checks admitted by defendant on cross-examination to have had a similar origin with

---

4. Other offenses as provable in prosecution for forgery, notes, 9 Ann. Cas. 456; Ann. Cas. 1912C, 91.

Evidence of other crimes in prosecution for false pretenses, notes, 62 L. R. A. 222, 240, 323; 43 L. R. A. (N. S.) 667.

the one on which the prosecution was grounded and to have been passed to various persons as it was passed and at about the same time were properly receivable to show system and guilty intent.

[5] Id. — Trial — Cross-examination of Defendant — Overruling of Request for Temporary Postponement—Absence of Error.—A defendant cannot contend that he was forced to testify against himself by the action of the court in requiring him to resume the stand after a recess so that his cross-examination might proceed by reason of the fact that he expressed a desire not to resume the stand at once, but to await the coming into court of another person, not his counsel.

[6] Id.—Evidence—Admissions—Voluntary Character—Proof Unnecessary.—Proof of admissions of a defendant to the sheriff not amounting to a confession are not required to be shown to have been free and voluntary and made without fear, intimidation, or promise of benefit.

[7] Id.—Instructions—Request of Defendant—Immateriality—Appeal.—Instructions requested by defendant and given as submitted cannot be complained of on appeal on the ground that they involve an issue not presented by the evidence.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. C. Jennings for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and R. L. Chamberlain for Respondent.

WORKS, J.—This is an appeal from a judgment of conviction of the crime of issuing a fictitious check. According to the information the alleged spurious paper was issued over the name O. D. Cook and was made payable to the order of appellant. One Freidman cashed the check for appellant and presented it to the bank on which it was drawn, when it was dishonored. The information charges that the paper was forged by appellant, through the use of the fictitious name O. D. Cook, with intent to defraud Freidman and the bank.

[1] Appellant first contends for a reversal of the judgment on the ground that the prosecution failed to prove an intent on his part to defraud Freidman and the bank. There was testimony from an expert to the effect that all

the handwriting on the face and back of the check, including the signature "O. D. Cook" and the indorsement "Guy Hamby," was that of appellant. This evidence, taken in connection with the fact that the bank was named as drawee of the instrument and the further fact that Freidman cashed it, was sufficient to justify the jury, its members being the judges upon the question of intent (*People* v. *Walker*, 15 Cal. App. 400 [114 Pac. 1009]), in finding that appellant's intent in uttering the paper was as charged.

[2] Section 476a of the Penal Code, under which appellant was informed against, provides that one making, drawing, uttering, or delivering a fictitious check is within the inhibition of the section if at the time "he has not sufficient funds in or credit with" the bank on which the paper is drawn to meet it; and the section also provides that the word "credit," as used in it, "shall be construed to be an arrangement or understanding with the bank or depositary for the payment" of the check. Appellant makes the point that no evidence was produced at the trial tending to show that, at the time of passing the check to Freidman, he had no funds in or credit with the bank, that being an item to be proven in order to establish the *corpus delicti* in a prosecution under the section (*People* v. *Frey*, 165 Cal. 140 [131 Pac. 127]). There was evidence from which the jury might justly have concluded that appellant forged the signature O. D. Cook to the check; that there was no account standing on the books of the bank under that name; that the check was cashed through Freidman instead of being presented to the bank for payment, and that payment was refused when it finally reached the bank. This chain of evidence furnished a basis upon which the jury might have found, very properly, that appellant had no funds in or credit with the bank.

[3] It is next contended that there was no evidence to show that O. D. Cook was a fictitious person. It is sufficient, on this head, to assert that, as the case finally developed, it was not incumbent upon the prosecution to show that no such person as Cook existed. Granting his existence, there was, as we have stated, positive evidence that he had no account in the bank and that appellant forged his name to the check. There being evidence on those points, it was immaterial to the case of the prosecution whether

Cook was a myth or not. There was, however, some evidence that he had no existence.

[4] The trial court received in evidence several checks other than the one on which the prosecution was grounded, checks which were admitted by appellant on his cross-examination to have had a similar origin with that one and to have been passed to various persons as it was passed to Freidman and at about the same time. It is claimed that the trial court erred in admitting these other checks, but they were properly receivable to show system and guilty intent (*People* v. *Weir,* 30 Cal. App. 766 [159 Pac. 442]; *People* v. *Bercovitz,* 163 Cal. 636 [43 L. R. A. (N. S.) 667, 126 Pac. 479]).

[5] It is contended that appellant was forced by the trial court to testify against himself. The occurrence out of which it is sought to make so much was after appellant had taken the stand in his own defense, his direct examination having been concluded just preceding the noon recess. Upon the reconvening of court appellant expressed a desire not to resume the stand at once, but to await the coming into court of another person, not his counsel. At this juncture, and after some protest from appellant, the court required him to resume the stand so that the cross-examination might proceed. It is plain to be seen that there was no error in such a course.

[6] Appellant insists that the trial court erred in permitting the sheriff to testify to a conversation between him and appellant without proof that the statements of appellant during the conversation were free and voluntary and were made without fear, intimidation, or promise of benefit. Such matters as these are required to be shown only as a basis for the introduction of a confession coming from one charged with crime, and it was not sought to show a confession by the testimony of the sheriff. His recital merely brought out certain admissions of appellant, not amounting to a confession, and, as well, laid the foundation for the introduction of certain writings admitted by appellant to be in his handwriting and which were thereafter used as exemplars. There was no error in receiving the sheriff's testimony.

[7] Appellant claims that there was error in the giving of two certain instructions on the subject of temporary in-

sanity, not because the instructions were inherently wrong, but because, as we understand it, there was no such issue presented by the evidence. In this, however, counsel is mistaken. A witness for the people was asked on cross-examination if appellant were not drunk at a time when the witness cashed one of the checks received in evidence for the purpose of showing intent; one of appellant's witnesses testified that appellant was drunk on a certain occasion, and appellant himself swore that the alleged O. D. Cook was plying him with a decoction of vanilla extract and wintergreen at the time when he contends Cook gave him the various checks received in evidence, including the one upon which the charge against him was based. Further, and enough in itself to settle the question now under consideration, the instructions inveighed against were requested by appellant and were given as submitted by him.

Several other points are presented by appellant, but they are devoid of merit and require no special consideration.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.