[Crim. No. 1108. First Appellate District, Division One.—February 20, 1923.]

## THE PEOPLE, Respondent, v. JUSTIN THAL, Appellant.

[1] CRIMINAL LAW—OBTAINING PROPERTY UNDER FALSE PRETENSES—AMENDED INFORMATION—ADDITIONAL CHARGE OF PASSING FICTITIOUS CHECK—DISCRETION NOT ABUSED.—An amendment of an information charging the crime of obtaining property under false pretenses by adding thereto a second count charging a violation of section 476 of the Penal Code, by passing a fictitious check with intent to defraud, is proper under section 1008 of such code, where according to the original information the defendant in committing the crime of obtaining property by false pretenses did so through the commission of the further crime of uttering and passing a fictitious check, it thus appearing that the two crimes were part of the same transaction.

[2] ID. — INFORMATION — UNCERTAINTIES—DEMURRER. — Mere uncertainties in an information cannot be availed of either upon motion in arrest of judgment or upon appeal, in the absence of a demurrer.

[3] ID.—PASSING OF FICTITIOUS CHECK—ABSENCE OF ACCOUNT WITH BANK "BRANCH"—SUFFICIENCY OF EVIDENCE.—In a prosecution for uttering and passing a fictitious check with intent to defraud in violation of section 476 of the Penal Code, the testimony of the paying teller of a branch of the bank upon which the check was drawn that the purported drawer of the check had no account with the bank at the time the check was dated, passed, and presented, and that he turned the check down because such drawer had no account with the bank, was sufficient to show that such drawer had no account with either the bank or the branch, it appearing that the teller was at one and the same time the employee of the bank and the paying teller of the branch.

[4] ID.—NONEXISTENCE OF DRAWER OF FICTITIOUS CHECK — SUFFICIENCY OF EVIDENCE.—In such a prosecution, testimony that the purported drawer of the check had no account with the bank upon which the check is drawn is *prima facie* evidence of the nonexistence of the drawer, and where supplemented by defendant's statement to the arresting officer that he never knew such drawer and had never seen the check or the person to whom he was charged with having delivered it, is sufficient to prove the nonexistence of the drawer.

1. Giving of worthless check as constituting false pretense, notes, 8 Ann. Cas. 1069; 14 Ann. Cas. 510; Ann. Cas. 1916E, 736.

[5] ID.—ELEMENTS OF OFFENSE—PROOF BEYOND REASONABLE DOUBT —INSTRUCTIONS.—Where in such a case the jury was instructed that the burden was upon the prosecution to prove every element of the offense charged beyond a reasonable doubt, it was not error to refuse an instruction that it would be the jury's duty to acquit unless the prosecution proved certain allegations beyond a reasonable doubt.

[6] ID.—FICTITIOUS CHARACTER OF CHECK—PRIMA FACIE EVIDENCE. Where a check is drawn upon some bank, banker, or depository for money, purporting to be signed by an individual, evidence that no such person as the one whose name purports to be signed to such check had any account with said bank, banker, or depository for the payment of money at the time of making, drawing, or uttering of such check is *prima facie* evidence of the fictitious character of the check.

[7] ID.—PRIMA FACIE EVIDENCE OF FICTITIOUS CHARACTER OF CHECK —INSTRUCTION.—An instruction in such language in such case is not subject to the criticism that it singles out the testimony of the paying teller of the bank and practically instructs the jury that such testimony must be taken as to have established *prima facie* the fictitious character of the check, where the jury was also instructed that they were the exclusive judges of the evidence, of the credibility of the witnesses, and of the weight of the testimony.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. J. Sullivan and Jas. F. Brennan for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Matthew Brady, District Attorney, and Leo R. Friedman, Assistant District Attorney, for Respondent.

RICHARDS, J.—The defendant herein was convicted of the crime of violating the provisions of section 476 of the Penal Code, by making, passing, uttering, and publishing a fictitious check, with intent to defraud one Michel Marclescu. The information upon the second count of which he was tried and convicted was an amended information in two counts which had been presented by the district

attorney and filed by leave of court on the day upon which the defendant's case was called for trial and prior to the impaneling of the jury in the cause. The charge in the original information against the defendant was that of obtaining property under false pretenses. It was in a single count but set forth in detail the transaction out of which the charge arose, which was alleged to consist in obtaining from one Michel Marclescu the possession of said property, to wit, wood alcohol, by the false and fraudulent representation that he, the defendant, had a deposit in the Bank of Italy in excess of one thousand dollars available for withdrawal by check and by then and there drawing and presenting to said Michel Marclescu his check for the sum of one thousand dollars, representing the same to be good and valid and receiving therefor said property, the said Marclescu accepting said check therefor believing said false representations to be true, whereas in truth and fact said representations were utterly false and untrue. To this information the defendant pleaded not guilty and the cause was set for trial. The district attorney on the morning of the trial moved the court for leave to file the amended information "to meet the proof which was introduced in the lower court." The first count in said amended information charged the defendant with obtaining money under false pretenses. It varied from the original information in the respect that it stated that the property which the defendant obtained from said Marclescu by false pretenses was glycerine. It also varied in the statement of the false representations in respect to the check offered and received for such property, the amended information stating that it was the check of one John R. O'Connor drawn upon the Market Street branch of the Bank of Italy, in which the defendant falsely represented said O'Connor as having an account exceeding the amount of said check, whereas he was a nonexistent person having no account at said bank, which the defendant well knew. The second count in said amended information charged the defendant with the uttering and passing of said fictitious check in violation of section 476 of the Penal Code. The defendant objected to the introduction of the second count of said amended information as prejudicial to the rights of the defendant, but consented to the amendment

of the original information as to the first count. The motion for leave to file the amended information was granted. The defendant presented no demurrer or other objection at that time, but announced himself as ready for trial and only requested that both informations be read in full to the jury, which was done by the clerk, together with the defendant's former plea of not guilty. The trial then proceeded and at its close the court, at the request of the district attorney, instructed the jury to return a verdict of not guilty upon the first count of said amended information upon the ground of the failure of proof. The defendant was convicted upon the charge embraced in the second count in said amended information. After his conviction he made a motion for a new trial upon all the statutory grounds. He also made a motion in arrest of judgment, upon the ground that he had not been arraigned nor did he plead to the amended information or either count thereof, and upon the further ground that the amended information contained a separate and specific offense from the offense attempted to be alleged in the original information, and also in the first count of the amended information; and on the further ground that the amended information was not an amendment of the original information for the reason that it set forth an entirely separate and distinct offense than that contained in the original information. Both of these motions were denied by the trial court and the defendant was thereupon sentenced to be punished by imprisonment in the state's prison, whereupon he took and now prosecutes this appeal.

[1] The first and main contention which the appellant makes upon this appeal is that it was error of the trial court in permitting the filing of the amended information. So far as this objection relates to the first count of said amended information it has ceased to be vital, since as to that count the defendant has been acquitted under the instruction of the court and at the request of the prosecution. The contention of the appellant must therefore be confined to the second count in said amended information. By this count the defendant was for the first time charged with a violation of the provisions of section 476 of the Penal Code. His objection made upon motion in arrest of judgment that he was not arraigned and did not plead

to this charge is not insisted upon in this appeal, but had it been so it would have been sufficiently answered, we think, by the decision of this court in the case of *People* v. *Tomsky*, 20 Cal. App. 672 [130 Pac. 184]. The contention of the appellant now relied upon is that since by the original information the only offense with which he was charged was that of obtaining property under false pretenses, said second count in the information charging another and different offense cannot be held to be an amendment of the original information within the meaning of section 1008 of the Penal Code, permitting the amendment of informations. It is true, as claimed by the appellant, in the original information the offense expressly charged against said defendant was that of obtaining property under false pretenses; but when we look to that information we find that in pleading the gravamen of said offense with the particularity required in such cases, the defendant was alleged to have also, and as the particular false and fraudulent pretenses by which he obtained said property, committed the further crime of uttering and passing a fictitious check. These two crimes are thus made to appear by said information as a part of the same transaction, out of which the charge of obtaining property under false pretenses arose. This being so we are of the opinion that such matter in the second count of the amended information was proper matter for the amendment of the original information, even though it charged the defendant with the commission of another crime not expressly stated in the charging part of the first information. Section 1008 of the Penal Code, providing for the amendment of informations after plea, permits by implication at least such amendments to be made, charging such offenses as are shown by the evidence taken at the preliminary examination to have been committed. We have not the evidence taken at the preliminary examination before us on this appeal and hence in support of this judgment we must assume that the evidence there taken was such as to show the offense to have been committed as charged in the second count of this amended information. The motion to amend was in fact made by the district attorney upon that express ground. The fact that another or additional offense was thus charged is not of itself sufficient to justify us in holding

that the addition of this charge was not the proper subject of the amendment or that the trial court abused its discretion in permitting it to be made. We are cited to no authority which would sustain such a conclusion. On the other hand, we are referred to the case of *People* v. *Chober*, 29 Cal. App. 627 [157 Pac. 533], which holds that under section 1008 of the Penal Code it is within the discretion of the trial court to permit a change in the charge against the defendant where the new or additional crime charged was included within the original offense as stated in the first information. That would seem to be precisely the present case. According to the original information the defendant in committing the crime of obtaining property by false pretenses did so through the commission of the further crime of uttering and passing a fictitious check. Upon the authority of the case above cited we therefore hold that the appellant's objection to the order of the trial court permitting the filing of the amended information in this case is not well taken.

[2] The next contention of the appellant is that the second count in said amended information upon which he was convicted was fatally defective in that it failed to state a public offense. We shall not follow out in detail the argument upon which the appellant attempts to support this contention since we are satisfied from the reading of this count in the amended information that, at most, the objections which the appellant aims at said count amount to mere uncertainties therein which must have been taken advantage of by demurrer and which cannot be availed of either upon motion in arrest of judgment or upon appeal, in the absence of such demurrer. (*People* v. *Welton*, 190 Cal. 236 [211 Pac. 802].)

[3] The next contention of the appellant is that the evidence is insufficient to justify the defendant's conviction under said second count of the said amended information. This contention is chiefly founded upon appellant's claim that the evidence adduced on the part of the prosecution failed to show that John R. O'Connor, the purported signer of the check which the appellant undertook to pass as genuine, did not have an account in the "Market Street Branch of the Bank of Italy." The witness Radovich, an employee of the Bank of Italy and paying teller of the

Market Street branch of the Bank of Italy, at the time, testified that John R. O'Connor had, at the time said check was dated, passed and presented no account with the Bank of Italy. The appellant contends that there is no sufficient evidence that the Bank of Italy and the "Market Street Branch" of the Bank of Italy are the same institution. There is no merit in this contention. The name of the latter institution itself indicates that it is a part of the former, of which it is a "branch." The evidence of the witness Radovich shows that he was at one and the same time the employee of one and paying teller of the other. These facts are sufficient, in our opinion, to show such interconnection between the two institutions as to justify the conclusion that if John R. O'Connor had no account with the Bank of Italy he had no account with the Market Street branch of the Bank of Italy. In addition to this, however, the testimony of the witness Radovich shows that in his capacity of paying teller of the Market Street branch of the Bank of Italy he turned down the check of John R. O'Connor at said branch bank for the reason that said O'Connor had no account with the Bank of Italy. The inference is irresistible that he had no account at either place.

[4] The appellant's next contention is that there is no sufficient evidence that John R. O'Connor was or is a fictitious person. It has, however, been uniformly held to be *prima facie* evidence of the nonexistence of the drawer of a check claimed to be fictitious that no such person has an account with the bank upon which the check is drawn. (*People* v. *Eppinger,* 105 Cal. 36 [38 Pac. 538]; *People* v. *Bernard,* 21 Cal. App. 56 [130 Pac. 1063]; *People* v. *Walker,* 15 Cal. App. 401 [114 Pac. 1009].) In the instant case this *prima facie* showing was supplemented by the statement of defendant himself, testified to by the arresting officer, that he never knew such a person as John R. O'Connor and had never seen either the check or the person to whom he was charged with having delivered it.

[5] The final contentions of the appellant relate to alleged errors of the trial court in instructions to the jury. It is first contended that the trial court erred in omitting from an instruction asked by the defendant the italicized portion thereof:

"I instruct you that before you can find the defendant guilty, it is incumbent upon the prosecution to prove three essential things: First, that the check was fictitious; second, that there was no such person in existence at the time as John R. O'Connor; and third, that the defendant knew that the check was fictitious and that there was no such person as John R. O'Connor in existence at the time, *unless the prosecution proves these three allegations beyond all reasonable doubt, it will be your duty to find the defendant not guilty.*"

The answer to this contention is that the court had already instructed the jury that "the burden is upon the prosecution to prove every element of the offense charged beyond a reasonable doubt." It was not necessary to repeat this instruction in connection with each or any of the instructions requested by the defendant.

[6] The next instruction which the defendant assigns as error is the following:

"You are instructed that, in a case where a check is drawn upon some bank, banker, or depository for money, purporting to be signed by an individual, evidence that no such person as the one whose name purports to be signed to such check had any account with said bank, banker, or depository for the payment of money at the time of making, drawing, or uttering of such check is *prima facie* evidence of the fictitious character of the check."

[7] The alleged vice in this instruction, according to the appellant's claim, is that it singles out the testimony of Radovich and practically instructs the jury that the testimony must be taken by him to have established *prima facie* the fictitious character of the check in question. We do not find this instruction to be subject to the vice which the appellant attributes to it. It is an instruction drawn in the abstract and correctly states the law. The court elsewhere instructed the jury that they were the exclusive judges of the evidence, of the credibility of the witnesses, and of the weight of the testimony. The instruction assailed was therefore not only correct in law, but proper in form. (*People* v. *Kehoe,* 123 Cal. 224 [69 Am. St. Rep. 52, 55 Pac. 911].)

No other points being urged as error, the judgment is affirmed.

Tyler, P. J., and St. Sure, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1923.