[Crim. No. 1256. First Appellate District, Division One.—October 14, 1925.]

THE PEOPLE, Respondent, v. J. W. ROCHE, Appellant.

[1] CRIMINAL LAW — PASSING FICTITIOUS CHECK — EVIDENCE. — In a prosecution for a violation of section 476 óf the Penal Code, where the essence of the offense charged in the information was the passing, with intent to defraud another, of a fictitious check purporting to be a check for the payment of the money of an individual, when in fact there was no such individual in existence, knowing the check to be fictitious, the testimony of the assistant manager of the bank on which the check was drawn, to the effect that the bank had no account with the drawer named in the check, was *prima facie* evidence of the fictitious character of the check; and the testimony of a police officer that search for the person named as the drawer of the check had been made at the places stated by defendant within the county, while it does not show the means used therefor or the thoroughness of the inquiry, was sufficient *prima facie* to establish the fact that no individual of that name existed.

---

1. See 12 Cal. Jur. 673.

[2] ID.—FICTITIOUS CHARACTER OF CHECK—KNOWLEDGE—INTENT TO DEFRAUD—QUESTIONS FOR JURY—INFERENCES.—In such prosecution, the intent to defraud and the defendant's knowledge of the fictitious character of the check were questions for the jury, and such intent and knowledge were facts which might reasonably have been inferred by them from the circumstances shown by the evidence.

[3] ID.—VERDICT—EVIDENCE.—In such prosecution, the verdict of guilty was supported by the evidence.

(1) 7 C. J., p. 675, n. 10.    (2) 7 C. J., p. 675, n. 10.    (3) 7 C. J., p. 675, n. 10; 17 C. J., p. 256, n. 62.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Fred V. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harold D. Perry for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

CASHIN, J.—An information was filed in the superior court in and for the county of Alameda charging appellant J. W. Roche with having violated section 476 of the Penal Code in passing a fictitious check with intent to defraud, and, further, that prior to the commission of that offense he had been convicted in the superior court in and for the county of Santa Clara of the crime of forgery, and that pursuant to the judgment upon such conviction had served a term of imprisonment in the California state prison at San Quentin. Appellant pleaded "guilty" to the second, but entered a plea of "not guilty" to the first charge in the information, on which charge he was tried and convicted and by the judgment of the court sentenced to imprisonment in the state prison at Folsom. A motion for a new trial having been denied he appeals from the order denying the motion for a new trial and from the judgment, urging as ground for reversal that the evidence was insufficient to support the verdict.

2. See 12 Cal. Jur. 674.

The facts as shown by the evidence adduced by the prosecution were that appellant on December 1, 1924, in the county of Alameda, indorsed and delivered to one Wong Loy, a Chinese restaurant-keeper, an instrument in form a check dated on that day, purporting to have been drawn by one J. C. Bauwer on the Seventh Street branch of the Oakland Bank of Savings, for the sum of $49.65, made payable to the order of L. C. Bailey, representing it to be "a good check," and requesting payment to appellant of the amount thereof. The check, though not indorsed by the payee named therein, was accepted by the restaurant-keeper who, not having at the restaurant sufficient money to pay the entire amount, paid to appellant the sum of $10, it being agreed that the balance should be paid on the following day. Thereafter inquiry was made at the banking-house of the drawee named, and the fact ascertained, as testified by the assistant manager of the bank and the restaurant-keeper, that the bank had no account with J. C. Bauwer. The restaurant-keeper thereupon visited appellant at his place of residence, which had been noted by appellant on the back of the check at the time of the indorsement, and demanded repayment of the sum advanced. Appellant agreed to repay when he could procure the sum necessary, but subsequently on the same day, in response to demands of the restaurant-keeper, ordered him from the premises with threats of bodily harm. According to the testimony of a police officer appellant stated, following his arrest, that the check had been given to him by a friend residing in the city of Oakland (the name of the person referred to does not appear from the record), and stated, as testified by the officer, that the person named had a telephone. The officer further testified that the name given could not be found in the telephone directory of the city of Oakland, and that appellant stated further that the transaction in the restaurant resulted from the fact that he was then under the influence of intoxicants. It was further testified that search had been made in the city of Oakland and neighboring cities for a person bearing the name of the drawer appearing on the check but without success. According to the testimony of appellant the check was not written by him but was indorsed and delivered as security for the payment of the sum advanced by the restaurant-keeper and which

sum he agreed and intended to repay on the following day, no denial being otherwise made of the facts testified by the witnesses for the prosecution.

[1] The essence of the offense charged in the information was the passing with intent to defraud another of a fictitious check purporting to be a check for the payment of the money of an individual, when in fact there was no such individual in existence, knowing the check to be fictitious (sec. 476, Pen. Code; *People* v. *Eppinger*, 105 Cal. 36 [38 Pac. 538]). The testimony of the assistant manager of the bank on which the check was drawn was *prima facie* evidence of the fictitious character of the check (*People* v. *Eppinger, supra; People* v. *Walker*, 15 Cal. App. 400 [114 Pac. 1009]; *People* v. *Bernard*, 21 Cal. App. 56 [130 Pac. 1063]); and the testimony of the officer that search for the person named as the drawer of the check had been made at the places stated within the county of Alameda, while it does not show the means used therefor or the thoroughness of the inquiry, was sufficient *prima facie* to establish the fact that no individual of that name existed (*People* v. *Bernard, supra*). [2] The intent to defraud and appellant's knowledge of the fictitious character of the check were questions for the jury, and such intent and knowledge were facts which might reasonably have been inferred by them from the circumstances shown by the evidence (*People* v. *Walker, supra; People* v. *Thal*, 61 Cal. App. 48 [214 Pac. 296]; *People* v. *Hanby*, 55 Cal. App. 37 [202 Pac. 907]).

[3] The verdict was supported by the evidence and the judgment is therefore affirmed.

Tyler, P. J., and Knight, J., concurred.