[Crim. No. 3222. Second Appellate District, Division Two.—August 31, 1939.]

THE PEOPLE, Respondent, v. ALLEN W. PHILBROOK, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WOOD, Acting P. J.—Defendant was charged in three counts in an information with the crimes of issuing checks without sufficient funds. He was also charged with two prior felony convictions, one in Missouri and one in California. Defendant admitted the two prior convictions and upon trial by the court without a jury was found guilty on each of the three counts of the information.

Defendant's counsel contends that "the judgment is contrary to the law and the evidence". It appears from the evidence that defendant and the parties to whom the checks were given were drinking liquor together and it is argued that defendant was in a state of intoxication. Counsel states in her brief: "It is not to be intended that intoxication is an excuse for a crime, but it should be in the law of this state such that it may be considered as affecting the mental condition of a person." It is conceded that the evidence on the subject of intoxication was conflicting. Voluntary intoxication is not an excuse for crime. It was the duty of the trial court to weigh the evidence on the subject of intoxication and determine whether defendant was in such condition that he could not form the specific intent to defraud. (*People* v. *Murphy*, 1 Cal. (2d) 37 [32 Pac. (2d) 635].) The implied finding of the trial court on this issue is amply sustained by the evidence.

It is also argued that an essential element of the offenses is lacking since defendant signed the checks and delivered them to another member of the party to be cashed. There is no merit in this contention. The offense defined by

section 476a of the Penal Code is the giving to another, with the intent to defraud, a check on a bank for the payment of money with knowledge on the part of the giver at the time that he has not sufficient funds in or credit with the bank to meet the check in full upon its presentation. (*People* v. *Bercovitz*, 163 Cal. 636, 638 [126 Pac. 479, 43 L. R. A. (N. S.) 667].) Defendant cannot escape the consequences of his acts by showing that the persons to whom he delivered the checks actually cashed them at places other than the bank upon which they were drawn.

The judgments are affirmed.

McComb, J., concurred.