[Crim. No. 2047. First Appellate District, Division One.—December 29, 1939.]

THE PEOPLE, Respondent, v. ANDREW SCHNEIDER, Appellant.

Nathan C. Coghlan for Appellant.

Earl Warren, Attorney-General, and F. Walter French, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The appellant Andrew Schneider was charged by information with having violated section 476a of the Penal Code, the substance of the charge being that with intent to defraud one Ed Weyel and the Bank of America, he feloniously drew a check on the Bank of America at Burlingame for $10 payable to cash and signed "A. L. Schneider", and delivered the same to Weyel, knowing at the time that he had neither funds in nor credit with the bank to meet the payment of the check. He was charged also with seven prior convictions of felony, and with having served terms of imprisonment therefor in the state penitentiaries, some of which ran concurrently. He pleaded not guilty to the main charge, denied the prior convictions, and upon trial before a jury verdicts were returned against him on each of said charges. Motions for new trial and probation were heard and denied, and appellant was sentenced to imprisonment in the state prison, whereupon he took this appeal from the judgment of conviction and the order denying his motion for new trial. Insufficiency of the evidence, and misconduct of the deputy district attorney are urged as grounds for reversal.

It appears from the record that Weyel was employed as a salesman in an electrical appliance store at 2640 Mission Street in San Francisco, and the prosecution claimed that appellant gave him the check in question in payment for a radio, which appellant purchased from him. At the time of the trial, however, which took place about four months after the sale of the radio, Weyel was not available as a witness, and appellant's main attack upon the sufficiency of the evidence is based upon the fact that there is an absence of direct evidence as to the actual delivery of the check to Weyel.

It is well settled, however, that a fact relating to the guilt of an accused may be established by circumstantial as well as by direct evidence; that the right to draw proper inferences from the evidence is a function of the jury, and that as long as its conclusions do not do violence to reason, a reviewing court is not permitted to substitute its finding of the ultimate fact for that reached by the constitutional as well as the statutory arbiter thereof. (*People* v. *Latona*, 2 Cal. (2d) 714 [43 Pac. (2d) 260]; *People* v. *Martinez*, 20 Cal. App. 343 [128 Pac. 952].) In other words, as frequently said by the courts, circumstantial evidence may be as conclusive in its convincing force as the testimony of witnesses to the overt act (*People* v. *Nagy*, 199 Cal. 235 [248 Pac. 906]; *People* v. *Perkins*, 8 Cal. (2d) 502 [66 Pac. (2d) 631]), and consequently where the circumstances proved reasonably justify the conclusion of the jury expressed in its verdict, it is beyond the authority of the reviewing court to interfere therewith. (*People* v. *Latona, supra*.) Furthermore, in considering the question of the sufficiency of the evidence, the reviewing court must assume in favor of the verdict the existence of every fact which the jury could have reasonably drawn therefrom. (*People* v. *Perkins, supra*.)

In the present case the evidence shows that the transaction which took place between Weyel and appellant involving the sale of the radio was witnessed by another salesman named Quinn; and he testified positively that he saw appellant enter the store, purchase the radio from Weyel and leave the store with the radio in his possession. It was also shown that on that same day the check in question was endorsed by Weyel and cashed by him at a nearby restaurant; and that when appellant was arrested and asked about the check he refused to talk about it, but told the officers where they could

find the radio, at 2664 Mission Street, which, as will be noted, was just a few doors distant from the store where he purchased it. Moreover, the state Constitution provides (art. I, sec. 13) that " . . . in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury"; and here the appellant made no attempt whatever to explain or deny any of the incriminating circumstances established against him. He rested his case without offering himself as a witness, and without introducing any evidence whatever in defense of the charge, or to refute the facts established by the prosecution.

In view of the foregoing uncontradicted facts and circumstances, and in the state of the record above described, there is no ground upon which it may be reasonably held as a matter of law that the conclusion reached by the jury upon the issue of the delivery of the check is wholly without evidentiary support. ■ As said in *People* v. *Kneiling*, 127 Cal. App. 151 [15 Pac. (2d) 561], an appellate court may not invade the province of the jury to say as a matter of law that any substantial evidence was insufficient to convince reasonable, fair and impartial men of the existence or nonexistence of a fact. It has power to set aside a verdict only where it clearly appears that upon no hypothesis whatever is there sufficient substantial evidence in the record to support it (citing *People* v. *Floris*, 93 Cal. App. 334 [269 Pac. 726]). But, as will be seen, no such case is here presented.

■ Answering the two additional points made by appellant relating to the evidence tending to establish guilt, it will suffice to say that the testimony given by the manager of the bank upon which the check was drawn that the person whose name was signed thereto had neither an account with the bank nor any credit therewith, was *prima facie* evidence of the fictitious character of the check. (*People* v. *Thal*, 61 Cal. App. 48 [214 Pac. 296]; *People* v. *Roche*, 74 Cal. App. 556 [241 Pac. 279]; *People* v. *Walker*, 15 Cal. App. 400 [114 Pac. 1009]; *People* v. *Bernard*, 21 Cal. App. 56 [130 Pac. 1063]), and that the intent to defraud and appellant's knowledge of the fictitious character of the check might reasonably have been inferred by the jury from all the circumstances shown by the evidence. (*People* v. *Roche, supra; People* v.

*Thal, supra; People* v. *Hamby,* 55 Cal. App. 37 [202 Pac. 907].)

■ For the purpose of showing fraudulent intent the prosecution sought to prove that about this same time appellant drew and cashed two other checks without having sufficient funds in the bank to meet the payments thereof; but after the checks had been produced and marked for identification, they were withdrawn, presumably for the reason that they bore dates subsequent to the one in question here, and were not presented to the bank for payment. Appellant now contends that in thus bringing the matter of these other two checks before the jury the deputy district attorney was guilty of misconduct. On the other hand, the attorney general argues that despite the withdrawal of the checks they were admissible in evidence for the purpose for which they were produced, and that consequently no error is shown. Regardless, however, of the question of the competency of the evidence, it appears from the record that at no time during the trial did appellant make any objection to the testimony given in connection with the checks, or move to strike it out when the checks were withdrawn, or make any complaint whatever about the conduct of the district attorney in connection therewith; and that being so, the question of his conduct cannot be raised for the first time on appeal. ■ The remaining assignment of misconduct is based upon the fact that the deputy district attorney commented in his argument to the jury upon the failure of appellant to testify. But, as will be seen, the constitutional provision above quoted, which was enacted subsequent to the rendition of the decisions relied on by appellant, expressly permits such comment.

■ Appellant further contends that the evidence is insufficient to prove the prior convictions. Regardless, however, of the question of proof, it is apparent that the matter of the prior convictions cannot operate to appellant's prejudice for the reason that the clerk's and the reporter's transcripts alike show that in pronouncing judgment the trial court ignored entirely the matter of the prior convictions and sentenced appellant merely as a first offender, and therefore he must be treated as such. (*People* v. *Noland,* 30 Cal. App. (2d) 386 [86 Pac. (2d) 363]; *People* v. *Daw-*

*son,* 210 Cal. 366 [292 Pac. 267] ; *People* v. *Arnest,* 133 Cal. App. 114 [23 Pac. (2d) 812].)

The judgment and the order appealed from are and each of them is affirmed.

Peters, P. J., and Ward, J., concurred.