[Crim. No. 3512.   Second Dist., Div. One.   June 29, 1942.]

THE PEOPLE, Respondent, v. SAMUEL J. DUNKIN, Appellant.

■■■■■■■■■■■

Samuel J. Dunkin in pro. per., for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

YORK, P. J.—Appellant was charged in an amended information containing four counts with issuing checks without sufficient funds, and with a prior conviction of the same offense. He pleaded not guilty to the charge, denied the prior conviction and also pleaded not guilty by reason of insanity. The jury found him guilty on all four counts; found that the allegation of the prior conviction was true, and that he was sane at the time of the commission of the offenses charged in the amended information.

This appeal is prosecuted from the order denying motion for new trial and from the judgment of conviction.

■ The sole contention presented is the sufficiency of the evidence to show that appellant had no credit arrangement with the Bank of America to pay the checks at the time they were drawn or issued. In this connection, appellant asserts that by merely ascertaining the fact that he did not have a *general* credit arrangement with the bank, instead of establishing ''whether there was an 'understanding or credit arrangement' with the Bank of America with regard to the four checks here in question,'' the prosecution failed to prove the offense defined by section 476a of the Penal Code, to wit:

'' (*Issuance of check, draft or order without sufficient funds or credit with intent to defraud: Punishment: 'Credit' defined: . . .* ) Any person who for himself . . . wilfully, with intent to defraud, makes or draws or utters or delivers any check, or draft or order upon any bank . . . for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer . . . has not sufficient funds in, or credit with said bank . . . for the payment of such check, draft or order, in full upon its presentation, although no express representation is made with reference thereto, is punishable by imprisonment in the county

jail for not more than one year, or in the state prison for not more than fourteen years. . . . 'Credit' defined: The word 'credit' as used herein, shall be construed to mean an arrangement or understanding with the bank . . . for the payment of such check, draft or order.''

The checks forming the basis of counts I and II were drawn on the Monterey Park branch of the Bank of America and were cashed by attendants at two Standard Oil Company service stations in the city of Los Angeles on April 1 and 2, 1941. The checks upon which counts III and IV were based were drawn on the Slauson and Vermont branch of the Bank of America and were cashed at Standard Oil Company service stations in Long Beach and Wilmington on May 23, 1941.

The four checks were introduced in evidence and the manager of the Monterey Park branch of the Bank of America testified that appellant had an account with that branch on April 1, 1941, but that the account was overdrawn on that date in the sum of $7.30; that on February 17, 1941, the overdrawn draft amounted to $1.30 and no deposits were made in the account after that date, except deposits made by the bank itself to offset charges made against the account by the return of such checks as the two checks here in question; that the account was finally closed by the bank on May 31, 1941, with an overdraft against the account at that time. This witness who, as manager of the particular branch, was familiar with the records of the bank, testified that he knew appellant and knew that no arrangement for credit to appellant had been made by the bank.

Mr. Hemmele, the teller of the Slauson and Vermont branch of the Bank of America, testified that he had access to the records of the bank, that he had examined the same and found there was no record of any account in appellant's name or in any similar name; that no arrangement for an extension of credit to appellant was ever made by the said bank, and that both checks (Exhibits 3 and 4) were rejected by the bank upon presentation. Neither of these witnesses was cross-examined by appellant, and he offered no evidence in conflict with their testimony.

In view of the fact that appellant's account in the Monterey Park branch had been overdrawn for at least six weeks prior to the issuance by him of the two checks covered by

counts I and II of the amended information, together with the further fact that he had no account in the Slauson and Vermont branch upon which the two checks covered by counts III and IV were drawn, the testimony of the officers of these two branches of the Bank of America that appellant had made no arrangement with the bank for an extension of credit is conclusive.

This testimony in conjunction with the evidence of other witnesses adduced at the trial was legally sufficient to sustain the jury's verdict of appellant's guilt and to support the judgment of conviction.

As stated in *People* v. *Schneider,* 36 Cal. App. (2d) 292, 296 [98 P. (2d) 215]: "Answering the two additional points made by appellant relating to the evidence tending to establish guilt, it will suffice to say that the testimony given by the manager of the bank upon which the check was drawn that the person whose name was signed thereto had neither an account with the bank nor any credit therewith, was prima facie evidence of the fictitious character of the check. (*People* v. *Thal,* 61 Cal. App. 48 [214 Pac. 296]; *People* v. *Roche,* 74 Cal. App. 556 [241 Pac. 279]; *People* v. *Walker,* 15 Cal. App. 400 [114 Pac. 1009]; *People* v. *Bernard,* 21 Cal. App. 56 [130 Pac. 1063]), and that the intent to defraud and appellant's knowledge of the fictitious character of the check might reasonably have been inferred by the jury from all the circumstances shown by the evidence. (*People* v. *Roche, supra; People* v. *Thal, supra; People* v. *Hamby,* 55 Cal. App. 37 [202 Pac. 907].)"

For the reasons stated, the judgment and order appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.