[Crim. No. 1935. Third Dist. Jan. 28, 1946.]

THE PEOPLE, Respondent, v. JOHN T. BROWN,
Appellant.

John T. Brown in pro. per. for Appellant.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

ADAMS, P. J.—In an information filed in the county of Sacramento on April 28, 1945, defendant was charged with a violation of section 476a of the Penal Code of California, to wit, that on May 22, 1944, in the county of Sacramento, he did wilfully, unlawfully and feloniously, with intent to defraud Capital Clothing Company, make, draw, utter and deliver to said Capital Clothing Company a check drawn on the Sacramento branch of the American Trust Company for $17.68, knowing at the time that he had not sufficient funds or any credit with said bank to meet said check.

On his arraignment he was represented by counsel appointed by the court, and entered a plea of not guilty. On the day set for trial, after a jury had been empaneled, defendant dismissed his counsel and elected to proceed in propria persona. He then moved to dismiss the information on the ground that he had been held to answer without reason or probable cause, and in support of his motion introduced in evidence a copy of the transcript of proceedings at the preliminary hearing. His motion was denied.

On trial of the cause the prosecution called as a witness an employee of Capital Clothing Company, who testified that defendant, on May 22, 1944, purchased merchandise from him and in payment therefor wrote out and gave to him the check described in the information, upon which check defendant gave a fictitious address; that the check was refused payment by the American Trust Company and returned to his company. An officer of the bank was then called who testified that he had charge of the bank's records, operations and accounting, that he had examined such records to ascertain whether defendant had an account there during the month of May, 1944, and was unable to find any such account or that defendant had any arrangement for credit with the bank; that the check in evidence had been presented to the bank for payment and payment refused for the aforesaid reason.

For the purpose of showing fraudulent intent on the part

of defendant, the prosecution called witnesses who testified that on May 22, 1944, defendant cashed a check with Sears, Roebuck & Company and one with Weinstock, Lubin & Co., both drawn on the Sacramento branch of the American Trust Company and tendered in payment for merchandise, for each of which checks defendant was given some cash; that said checks also bore a fictitious address, and were refused payment by the bank. The witness for said bank testified that payment of those checks was refused for the same reason that payment of the check charged in the information was refused. Defendant called as a witness the clerk of the court through whom he introduced, as an exemplar of his handwriting, his signature to his motion to dismiss the information. No other testimony was introduced by defendant. On return of the verdict of guilty found by the jury, defendant made a motion for a new trial on all statutory grounds, which motion was denied. Thereafter, the court sentenced defendant to confinement in the state prison for the term prescribed by law, said term to commence to run at the termination of terms of imprisonment which defendant was then serving.

On this appeal from said judgment and sentence appellant contends, first, that the trial court erred in refusing to set aside the information; second, that the evidence adduced at the trial is insufficient to sustain the verdict; third, that the trial court failed to instruct the jury as to the elements of the offense charged; fourth, that the verdict is contrary to law and the evidence; fifth, that the facts charged and proved do not constitute a felony; and, sixth, that the court was without jurisdiction to order the sentence to run consecutively with the term being served by defendant.

Regarding appellant's first contention, the record shows that he was arraigned on May 8, 1945, and on that date entered his plea of not guilty; that his case was then set for trial on May 29, on which latter date, after the jury had been empaneled, and without making a motion to set aside his plea, his motion to set aside the information was made in writing and filed. Having been made after entry of the plea it came too late and was properly denied. (Pen. Code, §§ 990, 995, 996; *People* v. *Linton,* 102 Cal.App. 608, 611 [283 P. 389]; *People* v. *Magee,* 60 Cal.App. 459, 462 [213 P. 513]; *People* v. *Ronsse,* 26 Cal.App. 100, 104-105 [146 P. 65].)

Contentions two, four and five involve the sufficiency

of the evidence and may be considered together. The gist of appellant's argument is that it was not shown that he did not have an account with the American Trust Company, because the witness from the bank did not testify in so many words that defendant had no such account but testified only that he could not locate such an account nor find that defendant had made arrangements for credit. It is not argued by appellant that he did have such an account, and we are satisfied that the testimony of the bank's employee that he had searched the records and was unable to find such an account, together with the fact that all three checks drawn by defendant were refused payment, was ample to support a proper inference that defendant had no such account. (*People* v. *Thal,* 61 Cal.App. 48, 54 [214 P. 296] ; *People* v. *Roche,* 74 Cal.App. 556, 559 [241 P. 279].)

Appellant also asserts that no intent to defraud was shown. This is equally without merit. Appellant received the merchandise for which the check was given and the Capital Clothing Company was never paid for it and was in fact defrauded; and that appellant acted with intent to defraud is inferable from this fact, from the facts that his check bore a false address, and that on the same day he cashed the other two checks, receiving cash in part for them. Intent may be inferred from all the surrounding circumstances (*People* v. *Walker,* 15 Cal.App. 400, 404 [114 P. 1009] ; *People* v. *Hamby,* 55 Cal.App. 37, 39 [202 P. 907]) ; and evidence of similar transactions at the time is admissible to show guilty knowledge and intent. (*People* v. *Bercovitz,* 163 Cal. 636, 639 [126 P. 479, 43 L.R.A.N.S. 667].) Appellant's criticisms of the testimony are merely captious and furnish no ground for reversal of the judgment.

Regarding his allegation that the trial court did not instruct the jury as to every material element of the offense charged, the record does not contain the instructions given nor does it show that appellant offered any instructions of any kind whatsoever. In this state of the record we must assume that the jury was properly instructed. (8 Cal.Jur., § 573, p. 576.)

As for appellant's contention that the trial court was without power to order the sentence imposed to run consecutively with the sentences which he was then serving, it is answered by section 669 of the Penal Code, and by the decisions in *People* v. *Loveless,* 140 Cal.App. 291 [35 P.2d 574] ;

*People* v. *Hirschbein,* 16 Cal.App.2d 458, 460 [60 P.2d 532], and *In re Quinn,* 25 Cal.2d 799, 801 [154 P.2d 875]. Appellant relies upon *In re Morton,* 132 Cal. 346 [64 P. 469], but that case was decided in 1901 prior to amendment of section 669 of the Penal Code, and is applicable only to the section as it was then written. (See *In re Radovich,* 61 Cal.App.2d 177, 179 [142 P.2d 325].)

The judgment and the order denying a new trial are affirmed.

Peek, J. and Thompson, J., concurred.