[Crim. No. 850.    Department Two.—September 12, 1902.]

## THE PEOPLE, Respondent, v. ARTHUR ENNIS, Appellant.

CRIMINAL LAW—PERJURY—INDICTMENT—AVERMENT OF OATH—PARTI-CIPIAL FORM.—An indirect averment in the participial form of the oath taken by a defendant charged in an indictment with perjury,— viz., "having taken an oath" before a certain justice of the peace qualified to administer oaths, etc.,—though it is not to be com-mended, and a direct averment of the oath is preferable, is sufficient, under the liberal provisions of the Penal Code, to support a judg-ment of conviction.

ID.—AVERMENT OF COURT—PENDENCY OF CRIMINAL CASE.—An averment that the false statements charged as perjury were made by the defendant in open court, and during the pendency of a specified criminal case, and as part of the evidence therein, before a named justice of the peace, upon a criminal complaint charging the defendant with petit larceny, sufficiently avers the court in which the false testimony alleged was given, and that such testimony was given in a legal proceeding in which perjury could be committed.

ID.—MATERIALITY TO ISSUES.—The averment that the false statements were "material to the issues tendered in said cause" was sufficient, without setting forth how the false testimony was material.

ID.—FALSITY OF TESTIMONY.—The averment that the defendant did "willfully, unlawfully, and contrary to said oath" make certain specified statements, and that "said statements so made as afore-said were then and there, and are, false and untrue, and were at the time of the making thereof by the said defendant, Arthur Ennis, known by the said defendant to be false and untrue," sufficiently shows that the defendant testified falsely.

ID.—USE OF "WHEREAS"—POSITIVE AVERMENT—RECITAL.—Though it is better to avoid the use of the word "whereas" in a pleading, its use to introduce a positive averment does not turn such averment into a recital.

APPEAL from a judgment of the Superior Court of San Joaquin County. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

J. A. Plummer, A. H. Carpenter, and R. W. Dodge, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, A. H. Ashley, District Attorney, and George F. McNoble, Deputy District Attorney, for Respondent.

McFARLAND, J.—The defendant was convicted of perjury, and appeals from the judgment. No evidence is brought up, and the defendant relies for a reversal solely on the alleged insufficiency of the indictment.

It is true that the indictment is not well constructed, and would not be held good in jurisdictions where there is not tolerated such want of precision and particularity of statement in pleadings as our Penal Code allows. Nevertheless, we think that under the provisions of sections 950, 959, 960, 966, and 1258 of the Penal Code the indictment in the case at bar is not insufficient to support the judgment. We will notice the main points made by appellant.

It is contended that in this indictment there is no averment that an oath had been administered to appellant before he gave the alleged false testimony. The averment on this subject is, that he gave the testimony, "having taken an oath then and there before the Honorable Albert C. Parker, a justice of the peace in and for Stockton Township, in San Joaquin County, California, duly elected, qualified and acting, and being entitled under the laws of the state of California to administer oaths in such cases, matters, and proceedings." This character of averment is certainly not to be commended. A direct statement that an oath was administered to the witness by the justice would have been in much better form. But sections 118 and 966 of the Penal Code seem to assume

that taking an oath "before" an officer includes all that is necessary to the taking of such oath; and appellant could not have misunderstood the meaning or have been misled or prejudiced by the absence of more specific averment. It is not held differently in *People* v. *Simpton*, 133 Cal. 367, relied on by appellant, although there are some expressions in the opinion there rather favorable to his contention. In that case, however, there was no averment that the defendant had taken an oath before the notary public; the averment was simply that before that officer he falsely, etc., swore to certain things. In *People* v. *Dunlap*, 113 Cal. 72, also cited by appellant, where the defendant was charged with making a false statement of her property to the assessor, there was no averment that she took an oath before the assessor, and the court said: "The failure to state therein that the defendant was sworn, or *took an oath before* any person authorized to administer the same, was a sufficient ground for sustaining the demurrer." All that was decided in *People* v. *Cohen*, 118 Cal. 74, was that where a superior judge chooses to hold a preliminary examination he cannot use the services of a clerk to swear the witnesses. The participial form of the averment is not the best method of stating a fact; but it is sufficient under our liberal system of pleading. (*People* v. *Piggott*, 126 Cal. 509; *People* v. *Hunt*, 120 Cal. 281.)

There is not any substantial merit in the position that there is no sufficient averment of the court in which the false testimony is alleged to have been given, and no sufficient averment that such testimony was given in a legal proceeding in which perjury could be committed. The averments on these points are that the false statements were made "in open court, and during the pendency and as a part of the evidence in a criminal case then and there pending before the said Honorable Albert C. Parker, entitled 'The People of the State of California *v.* Arthur Ennis, defendant,' upon a criminal complaint charging the said Arthur Ennis with petit larceny." These averments would have been, no doubt, more apt if it had been stated therein that the said case of People *v.* Ennis was pending in a "justice's court" instead of "before . . . Parker," who had been averred to be the justice of the peace; and that said case was on trial as well as "pending." But the language used in the averments was clearly sufficient to

fully inform appellant what was meant,—namely, that he had made false statements which were "part of the evidence" in the case of People *v.* Ennis, in the justice's court over which Parker (justice) presided, where Ennis was being tried for petit larceny.

The averment that the statements were "material to the issues tendered in said cause" was a sufficient averment of the materiality of the false testimony; it was not necessary to aver "how the false testimony was material." (*People* v. *De Carlo,* 124 Cal. 462.)

There was a sufficient averment that appellant testified falsely. The averment in the first part of the indictment that he did "willfully, unlawfully, feloniously, and contrary to said oath," make certain statements, seems to be all that is required by section 118 as to the falsity of the statements; the language of said section simply being "willfully and *contrary to such oath*"; but in a subsequent part of the indictment, after an enumeration of the said statements, it is averred that "said statements so made, as aforesaid, by said defendant, were, then and there, and are false and untrue, and were, at the time of the making thereof, by the said defendant, Arthur Ennis, known by the said defendant to be false and untrue." The language just quoted really makes it unnecessary to discuss the sufficiency of two other averments of the falsity of the statements, and appellant's knowledge thereof, which are asserted to be insufficient because each is preceded by the word "whereas," the contention being that what follows is mere recital. It is better, no doubt, to avoid the use of the word "whereas" in a pleading; but it may be observed that whatever is in itself a positive averment is not turned into recital by the mere fact that somewhere preceding the averment the word "whereas" is used; the effect of that word depends upon how it is connected with the succeeding part of the sentence. "That whereas" is the form generally held objectionable in the older decisions. But the word may be used in the sense given to it in the dictionaries as synonymous with "when in fact," "while the contrary," "the fact is," etc.; and when used in that sense, as shown by the context, what follows may be positive averment, and not recital. In the case at bar the language objected to is, "whereas, in truth and in fact . . . he, the said Ennis, *was* down to Sargent's

corral," etc.; and this was clearly a positive averment, and not a mere recital, notwithstanding the use of the word "whereas." In *People* v. *Fitzgerald,* 92 Mich. 331, an averment in precisely the same form,—to wit, "whereas, in truth and in fact, the said Maurice Fitzgerald was not at that time, nor at any time, authorized," etc.,—was expressly held to be good. If there is any part of the averment assailed by appellant which might be held insufficient because mere recital, it is the phrase "as he, the said Arthur Ennis, then and there well knew"; but the averment of his knowledge is fully made in the subsequent part of the indictment hereinbefore quoted.

By the indictment in the case at bar the appellant was fully informed of the charge against him, and none of the alleged defects of the indictment tended to his prejudice as to any of his substantial rights; and the case is one to which the provision of section 1258 of the Penal Code peculiarly applies.

The judgment is affirmed.

Temple, J., and Beatty, C. J., concurred.