[Civ. No. 4322.  First Appellate District, Division Two.—October 10, 1922.]

# F. M. CHRISMAN, Petitioner, v. SUPERIOR COURT OF FRESNO COUNTY, Respondent.

[1] CRIMINAL LAW — AMENDMENT OF INDICTMENT — SUBMISSION TO GRAND JURY.—Where an indictment is in nine separate counts, the first three charging grand larceny, embezzlement, and obtaining money by false pretenses, and all relating to the same transaction alleged to have occurred on a given date, the fourth, fifth, and sixth counts charging a commission of the same crimes in connection with a transaction alleged to have occurred on a later date, and the seventh, eighth, and ninth counts charging a commission of the same crimes in connection with a transaction alleged to have occurred on a subsequent date, and the defendant's demurrer is sustained as to the third, sixth, and ninth counts—the three counts charging obtaining money by false pretenses—and overruled as to all other counts, and the trial court directs the district attorney to file an amended indictment, such an amended indictment may be filed by the district attorney without submission to the grand jury, if this can be done without prejudice to the substantial rights of the defendant, provided the amendment has not changed the offense charged.

[2] ID.—ADDITION OF OMITTED ALLEGATIONS BY AMENDMENT—CHANGE OF OFFENSE CHARGED.—The original indictment having alleged that the defendant, with intent to cheat and defraud the complaining witness, falsely represented to him that he, the defendant, was the owner of a certain order for the payment of money drawn by the complaining witness, that he, the said defendant, could and would cancel the order and deliver the same to the complaining witness in consideration of the payment of a certain sum of money, that through said false representations and false pretenses the defendant obtained the said sum from the complain-

1. Constitutionality of statutes permitting amendment of indictments, notes, 3 Ann. Cas. 558; Ann. Cas. 1913A, 402.

ing witness though at the time he had sold and assigned by indorse-
ment said order to another, that the complaining witness believed
the said representations, that the defendant knew them to be false
and fraudulent, and that by means thereof, with the intent to
cheat and defraud the complaining witness, the defendant ob-
tained the sum mentioned, but such indictment having failed to
allege that at no time after defendant had sold and assigned said
order was he the owner, nor did he have the same in his posses-
sion, and that he did not cancel the same or deliver it to the com-
plaining witness, the addition of such omitted allegations by
amendment to the indictment did not change the offense charged.

PROCEEDING in Prohibition to prevent the Superior
Court of Fresno County, and J. E. Woolley, Judge thereof,
from trying petitioner upon an amended indictment. Peti-
tion denied and writ discharged.

The facts are stated in the opinion of the court.

C. K. Bonestell for Petitioner.

B. W. Gearhart, District Attorney, and H. J. Carling,
Assistant District Attorney, for Respondent.

NOURSE, J.—Petitioner has asked this court for a writ
of prohibition restraining the superior court from proceed-
ing with his trial upon an amended indictment charging him
with grand larceny, embezzlement, and obtaining money by
false pretenses. When the original indictment was filed the
defendant interposed a demurrer. This indictment was in
nine separate counts, the first three charging grand larceny,
embezzlement, and obtaining money by false pretenses, and
all relating to the same transaction alleged to have occurred
on November 1, 1921. The fourth, fifth, and sixth counts
charged a commission of the same crimes in connection
with a transaction alleged to have occurred on November
21, 1921. The seventh, eighth, and ninth counts charged the
commission of the same crimes in relation to a transaction
alleged to have occurred on December 5, 1922. The de-
murrer was sustained as to the third, sixth, and ninth
counts—the three counts charging obtaining money by false
pretenses. It was overruled as to all other counts. In the
same order allowing the demurrer to these three counts the
trial court directed the district attorney to file an amended

indictment. Within the time allowed such an amended indictment was filed by the district attorney without submission to the grand jury, and after the disposition of the pleas and motions interposed thereto the cause was set for trial upon the indictment as amended.

[1] In this proceeding for a writ of prohibition the question is whether the trial court has jurisdiction to proceed with the trial of the defendant upon the amended indictment. The position of petitioner is that the trial court is without jurisdiction to proceed because the amended indictment was not resubmitted to the same or any grand jury, nor was it presented by the foreman of any grand jury to the court, but was filed by the district attorney with the county clerk. The argument in support of the petition is that all indictments must be found by the grand jury, must be presented by their foreman in their presence to the court, and filed by the clerk; also that indictments cannot be amended in matters of substance by the district attorney, but that the cause must be resubmitted to the grand jury and a new indictment found by them.

The code requires that an indictment must be found by a grand jury. (Pen. Code, sec. 940.) Section 944 of the Penal Code prescribes the method by which an indictment must be found by the grand jury. It is to be presented to the court by the foreman and filed *with* the clerk. These provisions relate to an original indictment or to one that has been amended in matters of substance after resubmission to a grand jury. But section 1008 of the Penal Code authorizes the district attorney to amend an indictment without leave of court before the defendant pleads and provides: "Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant." The clear purpose of the quoted portion of the section is that the district attorney may with leave of court amend an indictment after the defendant has pleaded without submitting the same to the grand jury. The formalities of presentation and filing contained in section 944 of the Penal Code do not apply to an indictment amended in this manner.

Section 1008 of the Penal Code confirms the right of the district attorney upon leave of court to file an amended indictment without resubmission to the grand jury. This he

may do if it can be done without prejudice to the substantial rights of the defendant, provided that the amendment has not changed the offense charged. Now, the amendments complained of did not come within the inhibitions of the statute. In the first place, in each of the three counts the demurrer to which was sustained it is alleged that they describe the same offense alleged in the two preceding counts charging grand larceny and embezzlement. The demurrers to those counts having been overruled, the defendant was required to go to trial upon them, and the district attorney might, if he so desired, have dismissed the counts of obtaining money under false pretenses without amendment. It is thus apparent that when the trial court directed the district attorney to amend, that did not prejudice the substantial rights of the defendant.

[2] The original indictment alleged that the defendant with intent to cheat and defraud one Adriani falsely represented to him that he, the defendant, was the owner of a certain order for the payment of money drawn by Adriani upon the California Associated Raisin Company in favor of the Clovis Box Company and that he, the said defendant, could and would cancel the order and deliver the same to Adriani if the said Adriani would deliver to him the sum of $470.72; that through said false representations and fraudulent pretenses the defendant obtained the said sum from Adriani though at the time he had sold and assigned by indorsement said order to the California Pine Box Distributors, of Fresno; that the said Adriani believed said false and fraudulent representations; that defendant new them to be false and fraudulent, and that by means thereof, with the intent to cheat and defraud said Adriani, the defendant obtained from Adriani the sum mentioned. The amendment consists in the addition of the words that at no time after defendant had sold and assigned said order was he the owner, nor did he have the same in his possession, and that he did not cancel same or deliver it to said Adriani. Though it may be that the failure of the defendant to fulfill his promise to cancel the order and deliver the same to Adriani was an essential allegation to the charge of obtaining money by false pretenses, it is apparent that the addition of such allegation by amendment to the indictment did not change

the offense charged.    (*People* v. *Rippe*, 32 Cal. App. 514 [163 Pac. 506].)

The petition is denied and the writ discharged.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 7, 1922.

All the Justices present concurred.