[Civ. No. 4695. First Appellate District, Division One.—August 18, 1923.]

## F. M. CHRISMAN, Petitioner, v. THE SUPERIOR COURT et al., Respondents.

[1] CRIMINAL LAW — DISMISSAL OF ACTION—MANDAMUS—DENIAL OF MOTION TO DISMISS—INTENDMENTS.—Where, in a proceeding in *mandamus* to compel the dismissal of a criminal prosecution it is shown that the trial court denied a motion by the accused to dismiss the prosecution, all intendments on such proceeding are in favor of the action of the trial court.

[2] ID.—WRIT OF MANDATE—OFFICE OF—PREREQUISITES TO MAKING APPLICATION FOR.—The writ of mandate is not a writ of error to review the action of the trial court in refusing to dismiss the criminal action, but is an original proceeding to be determined upon its merits; and as a prerequisite to the application for the writ of mandate it must be shown that the more speedy remedy of a motion to dismiss in the trial court has been invoked and that the trial court has refused to dismiss the case. (Opinion of supreme court on denial of hearing.)

[3] ID.—DELAY IN TRIAL OF CASE—GOOD CAUSE SHOWN ON MANDAMUS PROCEEDING—SHOWING IN TRIAL COURT IMMATERIAL.—Where it is shown in response to the petition for a writ of mandate that there was in fact good cause for the delay in the trial of the case, it is immaterial whether or not such a cause was satisfactorily shown to the trial court, for the appellate court will not direct the dismissal of a case where it is shown to its satisfaction that the delay in the trial of a case was for good cause. (Opinion of supreme court on denial of hearing.)

PROCEEDING in Mandamus to compel the dismissal of a criminal action. Peremptory writ denied.

The facts are stated in the opinion of the court.

Herbert Chamberlin for Petitioner.

George R. Lovejoy, District Attorney, and Denver S. Church, Deputy District Attorney, for Respondents.

2. *Mandamus* as action or special proceeding, note, 8 **Ann. Cas.** 311.

ST. SURE, J.—Petitioner seeks by *mandamus* to compel the superior court of the county of Fresno to dismiss a criminal prosecution pending against him.

Petitioner was indicted for felonies, to wit: grand larceny, embezzlement, and obtaining money by false pretenses. The cause was assigned for trial to a department of the superior court presided over by Honorable J. E. Woolley, as judge thereof, one of the respondents herein, and the cause is still pending in said court before said judge. After arraignment of petitioner the cause was regularly set for trial on the 26th of June, 1922, but a trial was not then had for the reason that petitioner had upon said date secured from this court an alternative writ of prohibition, arresting the trial. On the tenth day of October, 1922, a hearing was had by this court upon the alternative writ, when a peremptory writ was denied and the alternative writ discharged. (59 Cal. App. 305 [210 Pac. 632].) A petition to have said cause heard and determined after decision by this court was thereafter, and on the tenth day of December, 1922, denied by the supreme court.

The petition herein alleges that petitioner has not been brought to trial within sixty days after said petition for a peremptory writ of prohibition was denied and said alternative writ of prohibition discharged, or within sixty days after said petition for said hearing in said supreme court was denied, and final judgment therein had been made and entered; and in this behalf it is further particularly alleged "that at no time or times since the tenth day of December, 1922, has the trial of said cause been postponed upon the application of your petitioner; and that at no time or times has the trial of said cause been postponed subsequent to the tenth day of December, 1922, upon the application of your petitioner; that at no time or times subsequent to the tenth day of December, 1922, has good or any cause existed why the trial of said cause should not have been had."

Petitioner moved the said superior court, respondent herein, to dismiss the prosecution under the provisions of subdivision 2 of section 1382 of the Penal Code, and also under the provisions of section 13 of article I of the constitution of the state of California, and the provisions of article VI of amendments to the constitution of the United

States. The motion was heard on the twenty-third day of May, 1923, by said superior court, Honorable J. E. Woolley as judge thereof, presiding, when the following order denying the motion to dismiss and setting the cause for trial was made:

"Title of court and cause.

"The District Attorney, by his Deputy Claude H. Hogan, with the defendant and his counsel J. K. Tuttle are present in court.

"At this time counsel for defendant moves the Court for an order dismissing the action against above-named defendant F. M. Chrisman. The motion is objected to by the District Attorney and the motion is submitted to the Court for a ruling, and after due consideration of the same by the Court, it is ordered that defendant's motion for an order dismissing the above-entitled action be and it is hereby denied.

"It is further ordered that the above entitled action be and it is hereby set for trial June 6th, 1923, at 9:30 o'clock A. M."

The answer of respondents denies the allegations of the petition relative to the postponement of the trial upon the application of petitioner and also as to whether or not good cause existed why the trial should not have been had. The answer is verified by the trial judge, who has at all times presided at the hearings in the court below. The supporting affidavits presented for our consideration by the respective parties disclose a sharp conflict upon questions of fact, which it is, therefore, unnecessary to discuss. The order of the trial court hereinabove quoted, made upon the motion to dismiss, is silent as to what transpired at the hearing. [1] But all intendments are in favor of the action of the court below (*People* v. *Douglass,* 100 Cal. 1, 4 [34 Pac. 490]). In *Matter of Ford,* 160 Cal. 334, 349 [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757], it is said that *mandamus* affords a remedy to correct a clear abuse of discretion on the part of the trial court in arbitrarily refusing to dismiss an indictment, but that a peremptory writ of mandate will only issue where there was an entire absence of any showing constituting good cause presented in the superior court upon the hearing of the motion to dismiss. If the evidence presented on the sub-

ject was conflicting the action of the trial court in denying the motion will be sustained. It, therefore, follows that the petition for a peremptory writ of *mandamus* must be denied, and that the alternative writ heretofore issued must be discharged. It is so ordered.

Tyler, P. J., and Richards, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1923, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a rehearing we call attention to the fact that although the judge of the trial court in denying the motion to dismiss acted upon his own knowledge of the facts and perhaps upon the assertions of the district attorney not put in the form of an affidavit or verified by oath, nevertheless upon the application for the writ of mandate in the district court of appeal, the evidence supporting the conclusion of the trial judge that there was good cause for the delay in the trial of the case was supported not only by the affidavit of the trial judge verifying his answer in the matter, but also by three affidavits of district attorney deputies to the effect that the plaintiff waived the delay and asked for the continuances in the setting of the case for trial which were acceded to by the district attorney. [2] The writ of mandate is not a writ of error to review the action of the trial court in refusing to dismiss the criminal action, but is an original proceeding to be determined upon its merits. It is true that as a prerequisite to the application for the writ of mandate it must be shown that the more speedy remedy of a motion in the trial court has been invoked and that the trial court has refused to dismiss the case. [3] Where it is shown in response to the petition for a writ of mandate that there was in fact good cause for the delay in the trial of the case, it is immaterial whether or not such a cause was satisfactorily shown to the trial court, for the appellate court will not direct the dismissal of a case where it is shown to its satisfaction that the delay in the trial of a case was for good cause.

The refusal of the district court of appeal to issue a peremptory writ of mandate amounts to a determination by that court that the affidavits on behalf of the respondents show good cause for the delay, which is not overcome by the showing made by the petitioner.

Petition denied.

Wilbur, C. J., Lawlor, J., Kerrigan, J., Waste, J., and Conrey, J., *pro tem.*, concurred.