[Crim. No. 1728. Second Appellate District, Division Two.—January 21, 1929.]

THE PEOPLE, Respondent, v. HAROLD J. DEMPSTER, Appellant.

Buel R. Wood for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The appellant was charged by an information in two counts with having embezzled the sum of fourteen hundred dollars and sixteen hundred dollars, respectively. During the course of the trial the judge pointed out to counsel that the commitment of the magistrate was for theft instead of embezzlement. The district attorney thereupon moved the court for leave to amend the information by substituting the words "grand theft" for that of "embezzlement, charging the defendant with the crime of

grand theft, a felony instead of embezzlement" and changing the language of the charge to read that the defendant "did unlawfully obtain—lawful money of the United States, the property of one Hazel M. Kiler."

Defendant's counsel then agreed to proceed "without having the formal amended pleading before the court" or waiting to have it typewritten, whereupon the defendant was asked to plead severally to the counts charging grant theft and interposed the plea of not guilty to each of them. The trial proceeded; the formal amended information was filed and the jury returned a verdict of guilty on each count. This appeal is prosecuted from the judgment pronounced upon the verdict.

Appellant's first contention is that he never plead to the amended information, and he directs our attention to the fact that from the oral statement of the court when permission was granted to amend, the language employed was that the defendant "did unlawfully obtain" (the amount of money designated in each count) "lawful money of the United States, the property of one Hazel M. Kiler," whereas the amended information actually filed used the words "did unlawfully take away," etc. Concerning appellant's contention that he did not plead to the amended information, it is without merit. In effect he waived the reading of the information, with like effect as he did when first arraigned, and plead not guilty to two counts charging grand theft.

The real question is: Could the information be so amended? If it could be so amended not only is the first question conclusively settled, but also appellant's second assignment of error to the effect that by the amendment he was twice in jeopardy, falls to the ground.

In 1927 two sections of the Penal Code which have a direct bearing upon the instant question were amended. Section 952 was altered so that the material portions now read as follows: "In charging an offense each count shall contain, and shall be sufficient if it contains *in substance*, a statement that the accused has committed a public offense therein specified. Such statement may be in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved . . . In charging theft it shall be sufficient to allege that the defendant unlawfully took the property of another." (Stats. 1927, p. 1043.) In

the cases of *People* v. *Plum,* 88 Cal. App. 575 [263 Pac. 862] (on application for rehearing, 88 Cal. App. 575 [265 Pac. 322]), and *People* v. *Manchell,* 91 Cal. App. 788 [267 Pac. 718], in the reasoning of which we are in accord, the short form of information provided for in the amendment just noticed is sustained, at least in those cases where from a practical standpoint the defendant's rights are not prejudiced because he has been advised of the nature of the charges which he must meet at the trial. The second amendment which directly bears upon the problems here presented is that of section 484 of the Penal Code. In so far as applicable to this case it reads: "Every person who shall feloniously steal, take, carry, lead or drive away the personal property of another, or *who shall fraudulently appropriate property which has been entrusted to him* or who shall knowingly and designedly, by any false or fraudulent representation, or pretense, defraud any other person of money, labor, or real or personal property, or who causes or procures others to report falsely of his wealth or mercantile character and thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money or property or obtains the labor or service of another is guilty of theft . . . " (Italics ours.) The effect of this change of section 484, as is said in *People* v. *Plum, supra,* is "that the former crimes of larceny, embezzlement, and obtaining property by false pretenses are merged into the one crime of theft." Or to put it in the language of *Commonwealth* v. *King,* 202 Mass. 379 [88 N. E. 454], where a like amendment was under scrutiny, the legislative intent was "to do away with the possibility of a criminal indicted for one of the three crimes mentioned escaping punishment by reason of its being afterwards found that his crime was technically one of the other two mentioned." It is thus made apparent that when in the original information in this case the defendant was charged with having committed "the crime of embezzlement" in that he did "wilfully, unlawfully, knowingly and feloniously embezzle, appropriate and convert" certain sums of money which had been entrusted to him by Hazel M. Kiler, he was informed against as having committed one kind of theft as defined by section 484 as amended prior to the filing of either the complaint or information. It is equally obvious that the original information "in sub-

stance'' charges the commission of a public offense. In view of that portion of section 952 of the Penal Code which reads that the words used may be ''any'' which are ''sufficient to give the accused notice of the offense of which he is charged'' prior to the filing of the amended information the defendant stood charged with the offense of theft, although not in the language of the statute. It is true that technically the offense of embezzlement has been merged into that of theft and therefore the information should with more propriety have used the term grand theft, but it cannot be gainsaid that the defendant was advised of the nature of the charges preferred against him. We are consequently brought to a position much akin to the situation presented in *People* v. *Thal*, 61 Cal. App. 48 [214 Pac. 296], wherein it was determined that an information in one count charging the offense of obtaining property by false pretenses which set out that the false pretense by which the property was obtained was the uttering and passing of a fictitious check, might be amended to charge two offenses, the one obtaining property by false pretenses and the other uttering and passing a fictitious check. The court said: ''These two crimes are thus made to appear by said information as a part of the same transaction, out of which the charge of obtaining property under false pretenses arose. This being so, we are of the opinion that such matter in the second count of the information was proper matter for the amendment of the original information, even though it charged the defendant with the commission of another crime not expressly stated in the charging part of the first information. Section 1008 of the Penal Code, providing for the amendment of informations, after plea, permits by implication at least such amendments to be made, charging such offenses as are shown by the evidence taken at the preliminary hearing to have been committed. We have not the evidence taken at the preliminary hearing before us on this appeal and hence in support of this judgment we must assume that the evidence there taken was such as to show the offense to have been committed as charged in the second count of this amended information. The motion to amend'' (as was the situation here) ''was in fact made by the district attorney upon that express ground. The fact that another or additional offense was thus charged is not of itself sufficient to justify us in

holding that the addition of this charge was not the proper subject of the amendment, or that the trial court abused its discretion in permitting it to be made." As was pointed out in *People* v. *Hinshaw,* 194 Cal. 1–8 [227 Pac. 156], the distinction must be drawn between those cases where it is attempted to charge a different offense and those where the offense is sought to be charged differently, it being always possible to amend to state a crime differently. To the same effect see *People* v. *Miller,* 34 Cal. App. 641 [168 Pac. 574]. These cases conclude the argument that the amendment was not properly allowed. Nor can it be successfully argued that because the offense was committed prior to the amendment of section 484 of the Penal Code that appellant could not be prosecuted for grant theft instead of embezzlement as that term was used prior to the amendment. The punishment and the offense are the same. The change is a procedural one which in no way impairs a substantial right of the defendant.

Appellant argues that the evidence is insufficient to support the verdict and he refers to an answer of the complaining witness on cross-examination to the following question: "During all the time that the defendant . . . you were giving the defendant money, were the different sums you advanced to the defendant, were they in the nature or loans or were they gifts?"

The answer was, "They were all loans." It must be borne in mind that there were a great number of transactions, many of which were loans. The other testimony of this witness, however, together with the admissions of the defendant abundantly establish the fact that the two different sums of money made the basis of the charge were given to him for the following particular purpose: First, to buy a home for the complaining witness; second, to buy and pay for a Chrysler automobile. Neither of these purposes were fulfilled, but the appellant made use of the money for his own purposes. A similar situation was involved in *People* v. *Kirkpatrick,* 77 Cal. App. 104 [246 Pac. 84], and the defendant was held to be guilty of embezzlement.

In view of the testimony establishing that all of the sums of money were neither gifts nor loans we cannot give undue weight to an answer thus obtained. Further, the most that

can be said of the testimony is that there is a conflict which we are not called upon to weigh.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.