[Crim. No. 3261. In Bank.—March 28, 1930.]

THE PEOPLE, Respondent, v. EVAN B. SEITZ et al., Defendants; OLLIE LOWE, Appellant.

W. Joseph Ford and W. T. Kendrick, Jr., for Appellant.

U. S. Webb, Attorney-General, L. G. Campbell, Deputy Attorney-General, Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

RICHARDS, J.—On September 13, 1928, the grand jury of the county of Los Angeles presented to the Superior Court thereof an indictment wherein Evan B. Seitz and Ollie Lowe were jointly charged with the commission of several crimes as set forth in the five separate counts of said

indictment. The several crimes of which the defendants were thus accused embraced that of robbery and also of attempted robbery of several persons occurring at the same time as set forth in the first three counts of the indictment, and also of the crime consisting in the violation of section 548 of the Penal Code of the state of California as set forth in count 4 of the indictment, and of the further crime consisting in the violation of section 549 of the Penal Code of the state of California as set forth in the fifth count of the indictment. The defendants, when arrested upon the warrants issued pursuant to said indictment, appeared separately with demurrers thereto, and the defendant Ollie Lowe separately moved to set aside the indictment, and particularly count 4 thereof as subsequently amended upon motion of the district attorney. The demurrers were overruled and the motion of the defendant Ollie Lowe to set aside the indictment as amended was denied, and thereafter she was separately brought to trial upon the amended indictment, and was thereupon acquitted of the offenses of robbery and attempted robbery as set forth in the earlier counts of said indictment, but was found guilty of the offense charged in the 4th count thereof, which consisted of the alleged violation of section 549 of the Penal Code. A motion for a new trial having been made by the defendant Ollie Lowe and denied, she took her appeal from the judgment of conviction based upon said verdict and from the order denying her motion for a new trial. Her appeal was taken to the District Court of Appeal in and for the Second Appellate District, Division Two, wherein said judgment was reversed. A petition for hearing in this court made on behalf of the attorney-general was granted and the cause has been submitted to this court for decision.

The primary and undisputed facts which formed the basis of the several counts contained in the indictment of these defendants by the grand jury were these: On the afternoon of the 12th of April, 1927, the defendant Ollie Lowe, with a friend of hers named Mrs. Brown, was visiting at the home of a friend of the former, named Mrs. Cummins, together with several other women who had also met at the same place. Mrs. Lowe had brought liquor and was engaged in making concoctions thereof for the party when the door-bell rang and two men appeared, claiming to be federal

officers, who had reason, as they stated, to believe that illicit liquor was on the premises. The leader and spokesman of the pair was one Schaeffer, who, as it later appeared at the trial, was a man of many *aliases* and the possessor of a long criminal record, and who among his associates in the criminal world was known as the "Iron Duke." The two men when thus admitted upon the former pretense proceeded to despoil the women present of their jewelry and also to possess themselves of certain money belonging to Mrs. Cummins, after which they departed with their loot. Suspicion having been directed against said Schaeffer and his companion and also against said Evan B. Seitz for his alleged participation in the conspiracy which led up to the commission of these several crimes, these two men were on or about April 27, 1927, subjected to arrest upon a railroad train which they had boarded separately and upon which they were apparently proceeding toward San Francisco for the purpose of disposing of the jewelry which had been taken from the several women at the aforesaid place and time, and a considerable portion of which was found to be in their possession at the time of their arrest. The "Iron Duke" when thus arrested and incarcerated presently made a confession to the officers of the law as to the part which he had played in the conception and commission of said several crimes, and in which confession he implicated both the defendant Seitz and the appellant herein Ollie Lowe in forming and carrying into effect the conspiracy to commit and the commission of said crimes. It was upon receipt of this confession that the indictment by the grand jury followed. Upon the separate trial of defendant Lowe, held after her demurrer had been overruled and her motion to dismiss the indictment against her, particularly as to count 4 thereof as amended, had been denied, and after a jury for the purposes of said trial had been sworn, the prosecution undertook to offer in evidence the confession of the "Iron Duke"; but upon the objection that no proper foundation had been laid for its introduction, and that the same was, therefore, inadmissible under the provisions of section 1870, subdivision 6, of the Code of Civil Procedure, having relation to proof of a conspiracy, the witness was withdrawn and the prosecution proceeded with the introduction of evidence which it was claimed upon said trial, and is insisted here,

sufficiently laid the foundation for the admission of the confession of the "Iron Duke," and having proceeded with the introduction of such evidence the prosecution again offered in evidence said confession; whereupon the same objection was made to its introduction, but which objection was by the trial court overruled; whereupon said confession being admitted in evidence fully and directly connected said Seitz with the conception of the plan to despoil the women guests of Mrs. Cummins of their jewelry; and, if the statements of Seitz made to the "Iron Duke" during the preliminary stages of the conspiracy as to the connection already established between Seitz and Mrs. Lowe and as to the part which each of these was to play in the carrying into effect of the aforesaid criminal design, were believed, also fully and directly implicated Mrs. Lowe in the formation and carrying out of the details of the conspiracy. It was doubtless upon the circumstantial confession of the "Iron Duke" that the jury found no difficulty in convicting the defendant and appellant herein of the violation of section 549 of the Penal Code and of the commission of the acts set forth in count 4 of the indictment.

Upon this appeal the defendant Lowe makes two main contentions, the first of which is that the trial court was in error in permitting the amendment of count 4 of the indictment after the presentation thereof and at the instance of the district attorney; and the second is that the evidence was insufficient under the provisions of section 1870, subdivision 6, of the Code of Civil Procedure, as forming a foundation for the admission in evidence of the confession of the "Iron Duke."

As to the first of these two contentions we are not disposed to spend much time or space in its consideration, for the reason that upon an examination of the indictment in its original form we are satisfied that there was stated therein matter which sufficiently, but perhaps imperfectly, indicated the commission of the particular crime intended to be covered by the terms of section 549 of the Penal Code and that this being so the indictment as to that count thereof was susceptible of amendment upon motion of the district attorney under the provisions of section 1008 of the Penal Code, and under the authority of *Chrisman* v. *Superior*

*Court,* 59 Cal. App. 305 [210 Pac. 632], and of *People* v. *Thal,* 61 Cal. App. 48 [214 Pac. 296].

█ This leaves for our consideration the second and most vital contention urged by the appellant upon this appeal, and in the course of such consideration such a review of the evidence offered by the prosecution as, independently of the confession of the "Iron Duke" would satisfy the aforesaid statute requiring a sufficiency of proof of a guilty connection on the part of the defendant Ollie Lowe with the conception and carrying forward of the alleged conspiracy to justify the admission in evidence of said confession. We have given to the record herein embracing such evidence ·a most careful perusal and as a result of such examination we are fully satisfied that the evidence educed by the prosecution for the purpose of laying the proper foundation for the introduction of the testimony of the "Iron Duke," in so far as the same related to the complicity of Mrs. Lowe in the undoubted conspiracy between himself and Seitz to commit the several crimes enumerated in the indictment herein, was entirely insufficient to form the foundation for the admission as against her of the testimony of the "Iron Duke." We shall not review that evidence in detail further than to state its content in brief, showing that Mrs. Lowe was at the time of the commission of said offenses a married woman who had for a considerable period of years resided in or in the vicinity of the city of Los Angeles; that upon the trial of this action she was not content to rest her reputation for truth, honesty and integrity upon the presumption with which the law, at the inception of a trial, enfolds a person charged with crime, but offered in evidence the affirmative testimony of a considerable number of witnesses who had known her for many years, and who testified that her reputation in the communities wherein she had resided for truth, honesty and integrity was good; to which testimony the prosecution offered no rebuttal; that at the time of these alleged offenses she was the owner in her own right of properties in the form of real estate in and about the city of Los Angeles of the aggregate value of several hundred thousand dollars, upon which the encumbrances were comparatively inconsequential; and that her husband was also the owner of an orange orchard in Tulare County, California, consisting approximately of a hundred acres of

the estimated value of one hundred thousand dollars, and in which she had the community interest of a married woman; that she was also the owner of a considerable quantity of valuable jewelry which she was wont to wear, and which was insured at the valuation placed upon it by the appraisement of the insurer, but which consisted of a number of individual pieces which she had received as gifts or had possessed for a number of years, and which had, by reason of these facts, a sentimental value to her much in excess of their appraised valuation; that her only acquaintance with her co-defendant Seitz had arisen out of the fact that for a time, several years before, he was a tenant of hers in an apartment house of which she was the owner; that the latter was a bootlegger who had occasionally, up to a year before the commission of the robberies in question, sold her liquor. The only connection between herself and Seitz at any near time prior to the commission of the offenses in question was that furnished by the testimony of the "Iron Duke" and which rested wholly upon the hearsay statements of Seitz himself. There is not a particle of evidence to be found in the record, either in or out of the confession of the "Iron Duke," that he had ever seen or known or had any direct connection with this defendant prior to the moment when he despoiled her of her jewelry in the home of Mrs. Cummins. There is no evidence whatever that the party of ladies who met at the home of Mrs. Cummins upon that fateful afternoon were brought together through any preconcert or connivance of Mrs. Lowe, with the single exception of the fact that she and her friend Mrs. Brown had planned paying a visit to Mrs. Cummins' apartment and had persuaded the latter to remain at home for the purposes of such a visit; but that as to the other ladies who also called upon that afternoon, their coming was casual and was not the result of any prearrangement on the part of Mrs. Lowe. The fact that the latter brought to the home of Mrs. Cummins a small quantity of gin, which was being served to the ladies at the time the robberies occurred, has no possible connection with any existing conspiracy to commit said crimes, nor is the fact that Mrs. Lowe, after she had been despoiled, in common with the other ladies, of her jewelry, regarded the situation more calmly than the rest, a circumstance of any particular significance, in view of the show-

ing that she was a rather unemotional and self-possessed woman. As to the evidence regarding Mrs. Lowe's application to the insurance company for reimbursement of her losses, and as to her willingness, at the instance of his wife, to furnish such bond as would be required for the release of Scitz upon bail following his arrest, the imputations of guilt arising therefrom are matters of the vaguest surmise. Apart from these considerations there was not in the evidence offered by the prosecution, even including that supplied by the confession of the "Iron Duke," any sufficient rational or even believable showing of an adequate motive in the defendant for engaging in a conspiracy to commit this particular series of crimes. There is no showing that her co-defendant Seitz was other than a casual acquaintance, or that he occupied such a relation toward her as would enable him to exert any controlling or sinister influence over her life and conduct. The pitiful percentage which was, according to the evidence of the "Iron Duke," to constitute her share in the loot, which was to consist mainly of her own jewels, could be of no consequence to a person of her means, and even that percentage, if swelled by the recovery of her entire insurance, would not restore to her the actual, not to say sentimental, value of her lost jewelry. From every viewpoint of the evidence in this record the absence of motive is so apparent that the prosecution does not venture to argue, or even to suggest, that such motive was even remotely shown to exist. Taken all in all and viewed from the aspect that, whenever reasonably possible, they are to be given an innocent interpretation, we are constrained to hold that the acts and conduct of the defendant, relied upon by the prosecution as furnishing sufficient basis for the introduction as against her, of the testimony of the "Iron Duke," are entirely insufficient to measure up to the requirements of such proof under any reasonable application of the provisions of subdivision 6 of section 1870 of the Code of Civil Procedure. It is not necessary to amplify authorities to sustain this position.

It follows from the foregoing considerations that the trial court was in error in permitting the introduction in evidence of the confession of the "Iron Duke," in so far as the same related to any guilty connection of the defendant and appellant herein with the crimes in question in the way of

being a co-conspirator with her co-defendant Seitz and with the "Iron Duke" and his confederates in the commission of said offenses.

The judgment and order are reversed.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J., concurred.