[S. F. No. 15429.   In Bank.—August 12, 1935.]

GEORGE L. LEONARD et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

J. H. Morris and Walter H. Duane for Petitioners.

U. S. Webb, Attorney-General, William F. Cleary, Deputy Attorney-General, Matthew Brady, District Attorney, August L. Fourtner and John R. Golden, Assistant District Attorneys, for Respondents.

THOMPSON, J.—This is a petition for a writ of mandate compelling the Superior Court of the City and County of San Francisco, and Honorable I. L. Harris, judge presiding therein, to dismiss an indictment pending therein and to discharge the defendants.

On August 21, 1931, the grand jury of the city and county of San Francisco presented and returned to the Superior Court and to the judge presiding in department 12 thereof, a true bill and indictment charging the petitioners, George L. Leonard and Joseph A. Leonard, with perjury as defined by section 10.04 of the Building and Loan Association Act, in that on October 14, 1931, as required by law, they filed with the building and loan commissioner of the state of California a statement under oath of the condition as of September 30, 1931, of the Union Building and Loan Association, of which petitioner George L. Leonard was president and petitioner Joseph A. Leonard was secretary, they having sworn before a notary public that said statement and report and the items contained therein were true and correct, whereas in fact and in truth certain material statements therein contained were false and known to the defendants to be false. The indictment was demurred to both generally and specially, and on December 3, 1934, the demurrer was sustained on the ground there was no allegation of "wilfulness" therein. The trial

court referred the indictment back to the grand jury for amendment. On December 20, 1934, an amended indictment was filed alleging that the defendants "wilfully, fraudulently and falsely" made and filed such report and statement. The petitioners filed a motion to quash and set aside the amended indictment on the ground that the same was a *new* indictment and not an amended indictment, and that on the face of the indictment it appeared that the statute of limitations had run against it. The motion to set aside and quash was denied and thereupon the petitioners filed a demurrer which was overruled, and the defendants ordered. to plead to the amended indictment. The defendants entered pleas of "Not Guilty", together with a further plea of "former acquittal" therein. Trial was set for May 13, 1935, and it is alleged that it is the intention of the trial court to proceed with the trial of the defendants and petitioners herein unless a writ of mandate be granted ordering the Superior Court to dismiss the amended indictment and to discharge the defendants, it being their contention that neither the original nor the amended indictment returned state a public offense; that both indictments lack in material allegations and matters in that the oath alleged to have been taken by defendants is not the form of oath prescribed by law and that perjury may not be predicated thereon; and that the original indictment does not state, nor is it alleged therein that the defendants "wilfully" swore falsely to the report and statement filed or wilfully committed the offense of perjury charged; that the so-called amended indictment of December 20, 1934, is, in fact, a new indictment and not an amended indictment; that it affirmatively appears on the face of the amended indictment that the offense charged therein, and the prosecution thereof, is barred by the statute of limitations; that by reason thereof the respondent court and judge thereof have no right, authority or discretion to try the petitioners thereon, or to try them for the commission of the crime of perjury, and that it is the duty of the said judge to quash, dismiss and set aside the amended indictment and to discharge the defendants; that petitioners have no plain, speedy or adequate remedy in the ordinary course of law and are compelled to ask for an alternative writ of mandate commanding the Superior Court and the judge presiding therein to dismiss the indictment and discharge the petitioners.

If the indictment was properly amended the petition for a writ of mandate should be denied. Under the provisions of section 1008 of the Penal Code, which section has modernized the rule of refined certainty in criminal indictments and informations by permitting amendment thereof either by the district attorney or the grand jury, the district attorney with leave of court might have amended the indictment without resubmission of the indictment to the grand jury, provided the offense charged was not changed and the amendment made without prejudice to the substantial rights of the defendant. (*People* v. *Seitz,* 209 Cal. 199, 202 [286 Pac. 697] ; *People* v. *Dempster,* 96 Cal. App. 358, 360 [274 Pac. 592].) We see no reason why the grand jury, upon order of the court permitting it, may not do likewise.

A comparison of the indictment as originally returned with the indictment as amended and filed shows that both documents charge the commission of one and the same offense, both in law and in fact. The amended indictment did not mislead the defendants and did not prejudice them in relation to any substantial right or at all as to the particular offense with which they were charged, or which they would have to meet by any defenses they might have. (See *People* v. *Ennis,* 137 Cal. 263, 267 [70 Pac. 84].) The essence of the perjury contemplated by section 10.04 of the Building and Loan Association Act is the verifying under oath of a false report and statement and in filing the same with the building and loan commissioner, and there can be no question but that the indictments attempted, at least, to state the offense of perjury as so contemplated by section 10.04 and the amended indictment as filed did not charge an offense different from that attempted imperfectly to be stated in the original indictment. This gave the trial court jurisdiction to either permit or sanction an amendment to the original indictment in informal matters not of substance, by the district attorney under the provisions of section 1008 of the Penal Code, or to refer the indictment back to the grand jury for correction and amendment, provided the amended indictment to be filed did not charge an offense different from that attempted to be pleaded by the original indictment however imperfectly.

While it appears that the word "wilfully" was not used in the original indictment returned and was used in the

amended indictment, it is clear there were allegations of component facts of like import in the original indictment which charged that a false oath was taken wilfully. (Pen. Code, secs. 952, 958.) The original indictment charged that the defendants "made and caused to be made" the report in question; and that they "caused" it to be filed with the building and loan commissioner "after they had verified it". This imported a voluntary act intentionally done, and it was held in *People* v. *Davenport,* 13 Cal. App. 632, 643 [110 Pac. 318, 322], that "when it is alleged that a person does an act it implies 'wilfulness' ". Furthermore, the original indictment pleaded knowledge on the part of the defendants of the falsity of the statements contained in the report of condition of the Union Building and Loan Association, and knowledge of the falsity of a statement is implied in "wilfully". Deliberation, another ingredient of "wilfully", may also be assumed from the fact that false statements were verified under oath and subsequently filed with the building and loan commissioner, which in itself showed a continuing purpose. That the offense of perjury was imperfectly charged in the original indictment may be assumed, although not admitted by the prosecution, but that is precisely what section 1008 of the Penal Code was designed to meet, and the only requirement is that however imperfectly pleaded, some offense be pleaded, which in substance may not be changed by amendment.

We are satisfied that an offense of perjury was pleaded, although imperfectly, and that no miscarriage of justice has or can result to the petitioners by the amended indictment and that the same is not a new indictment of an offense barred by the statute of limitations.

The petition for a writ of mandate is denied.

Shenk, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.